AUSTIN D. MOORE, Appellant, v. JOSEPH HEGEMAN, Surviving Executor, et al., Respondents.

The will of M. devised and bequeathed his residuary estate to his executors in trust, in case his three children survived him, to divide the same into three equal shares, one to be held for each of said children during life, and upon decease of the child first to die, his or her share to go in fee to the lawful issue if any, if none then the share to be divided into two equal parts, one to be held in trust for each of the surviving children during life, and upon the death of the child next dying the part or sub-share so held for the one so dying to go to his or her issue if any; if none, to the persons who, if the surviving child were dead without issue, would be the testator's heirs-at-law; upon death of the survivor, the sub-share held for his or her benefit to vest absolutely as specified. A similar provision was made as to the share held for the child the second to die. In case of death without issue, one of the sub-shares to go to the issue of the child first dying if any; if none, to the persons who, if the surviving child were dead without issue, would be the testator's heirs-at-law, etc. *Held*, that the provision did not suspend the power of alienation for more than two lives then in being, and was valid.

Another provision of said will directed that a specified sum out of the rents, issues and profits of each share of the estate, during the minority of the child for whose benefit it was held "shall be applied to his or her education and support," and the balance added to the principal; after the arrival of each child at the age of twenty-one, then that the whole of the income "shall be paid over quarterly to such child." *Held*, that the words "applied" and "paid over," as used, were substantial equivalents, that the trust was within the provision of the statute of uses and trusts relating to express trusts (1 R. S., 730, § 55), and was valid.

(Argued January 21, 1878; decided February 5, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court at Special Term.

This action was brought in effect to test the validity of certain clauses in the will of Austin D. Moore, late of Brooklyn, deceased. The complaint asked that the provisions of the will relating to the testator's residuary estate be declared void, and that plaintiff as heir-at-law and next of kin be declared entitled to one-third thereof, and that the executor be required to assign and deliver over such share to him.

The testator died February 11, 1857, leaving him surviving his widow and three children, a son, the plaintiff herein, and two daughters, being the same referred to in said will. The material portions of the will are as follows:

" I give, devise and bequeath all my estate, real and personal, to my executors hereinafter named, and the survivor or survivors, and any successor who may be appointed, with full power during the continuance of the trusts hereby created, to sell, lease and invest for the uses and purposes hereinafter mentioned ; to have and to hold unto them, or the survivor of them or their successors, in trust for the uses and purposes hereinafter set forth, as follows : "

The first clause provided for the payment of the testator's debts, etc. The second for the payment of certain specified legacies. The third made provision for the widow, and the fourth is as follows :

" Fourth. To hold the residue of my estate, real and personal, for the following purposes :

" 1. If my three children shall all survive me, then to divide the estate into three equal shares, one to be held in trust for each of my children during life, and after death to be disposed of as follows : The share of my child who shall be the first to die shall go in fee to his or her lawful issue, if such there be ; if there be none, then the same shall be divided into two equal parcels or sub-shares, one of which

shall be held in trust for each of my surviving children for life ; and at the death of the child who shall be the second to die, the parcel or sub-share · held in trust for him or her shall go in fee to his or her lawful issue; and if there be no such issue, then to the persons who, if my surviving child were dead without issue, would be my heirs-at-law ; and at the death of my last surviving child, the said sub-share so held in trust for him or her aforesaid shall go in fee to his or her lawful issue; but if there be no issue, then to the lawful issue of my child who shall have been the second to die, if such issue there be; and if not, then to my heirs-at-law—such shall be the disposition of the said share held in trust for the child who shall be the first to die.  As to the share held in trust for the child who shall be the second to die, the same shall on his or her death go in fee to his or her lawful issue, if such there be; and if none, then the same shall be divided into two equal parcels or sub-shares, one of which shall go in fee to the lawful issue of the child first dying, if such issue there be; but if none, then in fee to the persons who, if my surviving child were dead without issue, would be my heirs-at-law ; and the other of such last-mentioned sub-shares shall be held in trust for my last surviving child during life, and at his or her death shall go in fee to his or her lawful issue, if such there shall be ; and if none, then in fee to the lawful issue of my child who shall have first died ; and if there be no such issue, then to my heirs-at-law—such shall be the disposition of the share held in trust for the child who shall be the second to die.  As to the share held in trust for the last survivor of my children, the same at his or her death shall go in fee to his or her lawful issue, if such there be ; and if none, then in fee to the lawful issue of the two children who shall have died, one-half to each stock, if both shall have left lawful issue, or if only one-half left such issue, then all to such issue ; but if neither of such children shall have left lawful issue, then to my heirs-at-law —such is the disposition to be made of the share held in trust for the last surviving of my children.

"2. If only two of my children shall survive me, then to divide the residue of my estate, real and personal, into two shares ; one to be held in trust for each of my children during life, and after death to be disposed of as follows :

" The share held in trust for the life of the child who shall be the first to die shall, on his or her death, go in fee to his or her lawful issue, if such there be ; and if not, then the same shall be divided into two parcels or sub-shares, one of which sub-shares shall go in fee to the persons who, if my surviving child were dead without issue, would be my heirs-at-law ; the other of such sub-shares shall be held in trust for the survivor during life, and at his or her death shall go in fee to his or her lawful issue, if such there be; and if none, then to my heirs-at-law—such shall be the disposition of the share held in trust for the child first dying.    As to the share held in trust for the survivor, the same shall, at his or her death, go in fee to his or her lawful issue, if such there be; and if none, then in fee to the lawful issue of the child who shall have first died, if such there be; and if none, then to my heirs-at-law.

" 3. If only one of my children shall survive me, then the residue of my estate, real and personal, to be held in trust for him or her during life, and at his or her decease, to go in fee to his or her lawful issue, if such there be, and if none, then to my heirs-at-law.

" 4. If none of my children survive me, then the whole residue of my estate, real and personal, shall go in fee to my heirs-at-law.

" 5. If at the time of my decease, any of my children shall have died, leaving lawful issue, the share which under the foregoing provisions would have been held in trust for the parent, if surviving me, shall go to such issue in fee, and the remaining shares (if any) shall be held or disposed of according to the provisions hereinbefore contained for the case of two or one of my children surviving me.

" 6. When by any of the foregoing provisions property is held in trust for any of my children, such property shall

be under the exclusive management and control of my execu-
tors, who shall receive the rents, issues and profits of the
real estate, and collect the income of the personal estate;
which rents, issues, profits and income of the share or sub-
shares held in trust for each child shall be disposed of as
follows : While such child remains under eighteen years of
age, such an annual sum of his or her guardians shall think
necessary, not however to exceed seven hundred dollars, shall
be applied to his or her education and support; and while
such child remains between the ages of eighteen and twenty-
one years, such an annual sum as his or her guardians shall
deem necessary, not exceeding one thousand dollars, shall be
applied to his or her education and support·; and the balance
of such income shall, from time to time, be added to the
share or sub-share from which the same proceeded and accu-
mulated as principal until he or she arrives at the age of
twenty-one years, after which period the whole of such income
shall be paid over quarter-yearly to such child ; such income
of my daughters to be paid to them, to their sole and separate
use, free from all authority and control of their husbands.

" 7. Where, in any of the foregoing provisions, I have
directed any property to go in fee ' to my heirs-at-law,' I
mean to designate thereby those persons who would, if I
were then to die intestate, succeed under the statute of
descents to my real estate.

" None of my children shall have power to incumber, fore-
stall or anticipate any part of the income provided for his
or her use, under this will."

Both of the daughters of the testator died prior to the
commencement of this action, both leaving children who
are defendants herein.

*Robt. Johnstone*, for appellant. As in the trust in this
case the words "to pay over" and "apply" are used in
opposition to each other, it cannot be sustained. (1 R. S.,
730, § 55, subd. 3; *Leggett* v. *Perkins*, 2 N. Y., 329; *Coster*
v. *Lorillard*, 14 Wend., 321.) The power of alienation was

unduly suspended by the will. (14 Wend., 321; *Amry v. Lord*, 5 Seld., 403 – 415 – 417; *Knox* v. *Jones*, 47 N.Y., 290; 1 R. S., 730, § 63; id., 723, §§ 14–17; *Gott* v. *Cook*, 7 Paige, 543; *Smith* v. *Brown*, 35 N.Y., 83; 16 Wend., 120, 303.) The period of suspension is to be judged of at the moment of the testator's death. (1 R. S., 723, §§ 13, 28, note.) A tenancy in common in an aggregate fund suspends alienation for as many lives as there are *cestuis que trust.* (Roper on Leg., 1399; *Baker* v. *Lea*, 1 Tur. & Rees., 413; *Everett* v. *Everett*, 29 N. Y., 76. The testator did not make any valid devise or bequest of his residuary estate. (2 R. S., chap. 1, tit. 2, art. 2, §§ 14, 49, 50, 55; 1 Den., 57; 6 Barb., 98; 9 id., 516; 1 Seld., 456.) Suspension of absolute ownership when applied to personal property is the same as suspension of the power of alienation when applied to real estate. (7 Paige, 24 Wend., 641; 14 id., 265; 16 id., 61, 114; 8 Barb., 18, 243; *Hawley* v. *James*, 16 Wend., 61; *Thompson* v. *Livingston*, 4 Sand., 589.) The absolute power of alienation of land or the absolute ownership of personal property is not to be deemed suspended, except where there is a contingent remainder and the contingency has not yet occurred. (*Kane* v. *Gott*, 7 Paige, 641; 7 id., 521.) Trust estates are within the operation of section 15 of 1 Revised Statutes, 723. (*Coster* v. *Lorillard*, 14 Wend., 265; *Tucker* v. *Tucker*, 5 N. Y., 408; *Amory* v. *Lord*, 9 id., 403; *Hawley* v. *James*, 16 Wend., 61; *Howe* v. *Van Schack*, 20 id. 564.) In applying the statutory rule relating to suspension to the provisions of a will lives in being at the death of the testator are alone to be considered. (*Morgan* v. *Masterton*, 4 Sand., 442.) A person in the legal possession of money or property acknowledging a trust becomes, from that time, a trustee, if the acknowledgment is founded on a valuable or meritorious consideration ; his antecedent relation to the subject no longer controls. (2 Story's Eq., § 972; 18 Ves., 140; 1 Har., 469; 1 Kern., 553; 1 Wend., 625; 2 Spencer Eq. Jur., 53; *Day* v. *Roth*, 18 N. Y., 448; *Tracy* v. *Tracy*, 3 Bradf., 57.)

*E. Moore*, for respondent. The division of the residuary estate into three shares, and the disposition of each share separately was valid. (*Cromwell* v. *Cromwell*, 2 Edw. Ch., 495; *Tucker* v. *Bishop*, 16 N. Y., 402; *Savage* v. *Burham*, 17 id., 561; *Gilman* v. *Redington*, 24 id., 9; *Evenott* v. *Evenott*, 29 id., 39; *Hoppeck* v. *Tucker*, 59 id., 204.) The absolute ownership of the property was only suspended for one life. (29 N. Y., 39; *Schettler* v. *Smith*, 41 id., 328; *Manice* v. *Manice*, 43 id., 303.)

MILLER, J. Some of the trusts created by the will of the testator are claimed to be invalid and void, and the controversy here arises principally in regard to the construction to be placed upon portions of the fourth clause of the will. As to the first subdivision of the fourth clause it is urged that it suspends the power of alienation or ownership of the property for a period of more than two lives, and thus violates the Revised Statutes. (1 R. S., 723, § 15; id., 773, § 1.) The provisions referred to are perhaps somewhat complicated, but a careful examination of the phraseology employed will, I think, lead to the conclusion that there is no real ground for such an objection.

The whole estate is devised and bequeathed in trust, and by the fourth clause, if the three children of the testator survive him, the trustees are to divide the residue of the estate into three equal shares, one to be held in trust for each of said children during life; and upon the decease of the child who shall first die, the share is to go in fee to the lawful issue, if such there be, and if there be none then to be divided into two equal parts or sub-shares, one of which shall be held in trust for each of the surviving children during life, and at the death of the child who shall next die such parcel or sub-share shall go in fee to his or her lawful issue, and if there shall be no such issue then to the persons who, if the surviving child were dead, would be his heirs-at-law. A provision of the same character is made as to the child who shall next die, and one of the shares is to go to the lawful issue of the

child first dying ; and if none, then to the testator's heirs-at-law, and the other to the surviving child, and upon his or her death to vest absolutely as provided.

It must be borne in mind that the estate is divided into three separate shares, and each one of these shares is separately disposed of, and therefore the provision in question is not to be considered as if a disposition had been made of the whole estate as an entirety. This was the clear, unequivocal and plain import of the terms of the devise and the manifest intention of the testator, and no other interpretation can be placed upon the language employed without doing violence to its meaning. The authorities abundantly sustain devises and bequests in this form, and they are held to be valid in many of the reported cases. (*Everett* v. *Same*, 29 N. Y., 39; *Gilman* v. *Reddington*, 24 id., 9; *Tucker* v. *Bishop*, 16 id., 402; *Savage* v. *Burnham*, 17 id., 561; *Hoppock* v. *Tucker*, 59 id., 202.)

Regarding the clause cited in this point of view, there was no valid suspension of the power of alienation or of ownership for a period beyond two lives. When the first death occurred of testator's children, who were beneficiaries, the share passed in fee under the will to her issue, and it then became vested in them absolutely upon the termination of a single life. If no issue survived, then one-half of her share would have gone to her brother and the other to her sister, who were surviving her *for life*, and upon the death of either of the survivors the sub-share would have vested as provided in the issue living or in the testator's heirs-at-law. Here would be a suspension for two lives only; first, the life of the child who died ; and, second, the life of the one who succeeded to such child's share.

The share of the one who should be second to die would take a similar course, and under no circumstances which might occur, as the will provides, could there be more than two lives before it became absolutely vested. The alternative dispositions of the sub-shares, which depended upon the testator's children dying leaving no issue, did not, in my

opinion, suspend the power of alienation beyond two lives in being in any contingency which might happen. By no possibility could this have occurred. The fact that a share was to be sub-divided at the death of the first child without issue, and each of them held in trust, does not alter the case.

A question is also presented as to the effect of the sixth subdivision of the fourth clause of the will, which provides for a partial accumulation during the minority of the children, and directs that certain sums named "shall be applied" to the education and support of said children during the period named, and after that period provides that the whole of the income shall "be paid over" to them. It is insisted that the trust is not within the provision of the statute. (1 R. S., 730, § 55, subd. 3.) And that the provision *to pay* is valid only when used as an equivalent to apply, and when used in any other sense is void, and as these words are used in opposition to each other the trust cannot be upheld. I am unable to discover that there is any want of harmony or any antagonism in the words referred to. They are substantially equivalent to each other, and whether the sums mentioned are " applied " or " paid over " for the benefit of the children can make but little difference, as the object is the same — the benefit of the children. They are to receive the avails and reap all advantages from the income under all circumstances. One phrase refers to the minority of the children, and the other applies when they have arrived at full age, but there is no real legal distinction between the two. This is not a shifting trust, and it cannot well be said that there is both an active and a passive trust in operation at the same time, and that they alternate. In *Leggitt* v. *Perkins* (2 N. Y., 297), a trust to receive rents and profits and pay them over to the beneficiary is held to be essentially an active trust in all particulars and within the provision of the Revised Statutes above cited. The trust in the case last cited, which is directly in point, was to pay over to the *cestuis que trust;* and although it was decided many years since, its authority has never been questioned.

The able argument and exhaustive briefs of the learned counsel for the appellant have been most carefully considered, but we fail to discover any legal ground of error upon the trial, and are of the opinion that the judgment was right and must be affirmed.

All concur, except ALLEN, J., absent.

Judgment affirmed.