JEANIE DE F. K. BARBOUR, AN INFANT, ETC., APPELLANT AND RESPONDENT, *v.* ROBERT W. DE FOREST AND LOUISE W. KNOX, AS EXECUTORS, ETC., OF BURR WAKEMAN, DECEASED, AND LOUISE W. KNOX, INDIVIDUALLY, APPELLANTS AND RESPONDENTS.

*Accumulation during minority — adding such accumulaton to the principal to be held in trust for the life of the beneficiary — a disposition over of the same, on the termination of the life estate, is valid — construction of the provisions as to accumulation.*

A will directed an accumulation of any surplus income received during the minority of an infant, from a trust fund in which such infant had a life estate, and that, on her coming of age, such accumulation be added to the principal and held in trust for her benefit during her life; and that on the termination of such life estate the same be distributed among certain persons.

*Held*, that the provisions of the will as to the disposition over were valid. (BRADY, J , dissenting.)

The direction for accumulation was held not to require that each annual surplus, if any occurred that year, should then pass absolutely into the *corpus* of the estate, but that all accumulations should remain, during the entire minority, within the control of the executors, so that the excess of one year might be used to meet the greater expenses of any other year.

APPEALS by both plaintiff and defendants from a judgment of the Special Term construing the will and codicil of Burr Wakeman, deceased.

*Andrew & Man*, for the plaintiff, appellant and respondent.

*Henry W. De Forest*, for the defendants, appellants and respondents.

DAVIS, P. J.:

The testator, Burr Wakeman, by his will, gave and devised " all the rest, residue and remainder" of his estate, both real and per-

sonal, to his executors, in trust, and directed his said executors to divide the same into three equal parts, two of which to be designated and set apart for the use of his granddaughter, Louise Wakeman Knox, and the other one to the use of his great granddaughter, Jeanie De Forest Knox Barbour. In respect of the latter part, he directed that his executors shall receive and apply the income to the use of his said great granddaughter during her life, and upon her death that the principal shall be paid over and transferred to her child or children surviving her, in equal shares; and in case she should die without issue her surviving, and leaving his granddaughter Louise her surviving, then her share to be added to the other shares of Louise and held by the executors on the same trust; and in case Louise should not survive, but leave issue, such issue to take absolutely.

Afterwards by a codicil to his will the testator in respect of the share of the plaintiff directed as follows: That so much of the income of the share set apart for my great granddaughter Jeanie De F. Knox Barbour as shall not be needed, in the judgment of my executors for her support shall be retained and invested by them during her minority, and any accumulation of income shall be treated and dealt with as part and parcel of the principal of such share.

The question arising in the case upon these provisions of the will and codicil is whether they direct such an accumulation as is forbidden by the Revised Statutes.

The learned judge at Special Term was of opinion that the direction of the codicil was unlawful to the extent that required the accumulation (if any), to fall into the *corpus* of the gift and ultimately to go to the issue of the plaintiff, or to Louise Wakeman Knox, or her issue. He therefore adjudged that so much of the codicil as directs that "any accumulation of income shall be treated and dealt with as part and parcel of the principal of such share" is void; but he was of opinion that that phrase could be dropped from the codicil, and the direction to accumulate be retained and enforced during the minority of the infant, and the fund so accumulated be paid to her as her absolute property on attaining her majority. If the question were a new one I should be of opinion that the provisions of the will and codicil do not direct an accumulation in

violation of the statutes. So far as the statutes which are applicable to this case relate to the accumulation of rents and profits of real estate, it is provided that such accumulation must be made for the benefit of one or more minors, then in being, and terminate at the expiration of their minority. (1 R. S., 726, § 37.) And substantially the same direction is given in respect of accumulation of income and profit arising from personal property. (1 R. S., 773, 774, § 3.) In both cases it is declared that all directions for accumulations, other than such as are allowed by those statutes shall be void, except that when the accumulation shall be for a longer time than during minority it shall be void only for the period after minority. (1 R. S., 726, § 38; Id., 774, § 4.) In this case the direction for the accumulation, if it be one, is confined to the minority of a minor and terminates *ex vi termini* at her majority.

It is also undoubtedly for the benefit of a minor, because if the direction produces such accumulation it will enhance a fund in which she is given a life estate, and the income of which she is to receive for her life.

The statute does not declare that an accumulation which is in fact limited to the minority of an infant, and is made for his or her benefit during life, shall be void if the instrument creating it directs a distribution of the fund at the termination of the life estate. Such a case, in my opinion, is not within the mischief that the statute was intended to prevent, and is no more obnoxious to the section that declares illegal accumulations void than it would be if no testamentary disposition was made of the fund after the death of the first beneficiary. If that were the case, the accumulation would accrue necessarily to the benefit of the persons entitled by law to the estate after the death of the minor. Hence some benefit from the accumulation would flow to others than the minor; and the result would be that it must be held that the statute forbids all accumulations during the minority of minors which create or increase estates or funds in which the minor has a life estate merely. Such results are not, in my opinion, within the mischiefs intended to be prevented, and are not covered by the restraint of the statutes. In *Meserole* v. *Meserole* this view seems to have been taken by the General Term of this department. (1 Hun, 66.) In that case, DANIELS, Justice, in pronouncing the opinion of the

court, says: "The accumulation of rents, income and profits of the shares given in severalty to the testator's grandchildren was limited by the expiration of the minority of the respective minors for whose benefit it was directed ; and the direction in that respect was not unlawful, because the fund accumulated during the period provided for, was to be added to the principal of the minor's interest in the equitable estate. The statute nowhere prohibits such a disposition of the accumulated fund. It simply requires that it shall be for the benefit of the minor, and terminate at the expiration of his or her minority ; and that purpose is as clearly and literally observed where the amount accumulated is to be added to the principal of the minor's interest as it would be in case it were required to be paid over to him upon his obtaining his majority."

The case of *Meserole* v. *Meserole* was precisely similar in its facts to that before us ; and the same question seems to have been involved, but not considered by the court, in *Moore* v. *Hegeman* (72 N. Y., 376). In that case a part of the property was left in trust to apply the income to the use of one of the testator's children during life, using a part of the income for his support and education during minority, and accumulating the balance to increase the principal which was given to others on the termination of the life estate.

Without passing directly on the effect of the direction to accumulate, the whole of the testamentary dispositions were sustained, and it may properly be argued that the court did not consider the accumulation provided for, as affected by the former decisions of similar but not analogous questions.

In this case the accumulation, if any, is only of a possible surplus of income. Primarily the income is directed to be applied to the support, etc., of the minor in the discretion of the executors and trustees, but if a surplus arises it is ultimately if it continue to exist to become part of the fund in which the minor is given a life estate. The intention of the testator was not that each annual surplus, if any occurred, should pass beyond the control of the executors and into the *corpus* of the estate absolutely, but the whole minority income was intended to remain within the control of the executors and to be used from time to time as exigencies may

demand, so that the excess of one or more years might be used to meet the greater expenses of other years, but ultimately any accumulation of such excess remaining on the minor's attaining her majority, or on her prior decease, is directed to go into the fund as part of the life estate, out of which income is afterwards to be paid or applied.

In this view it was not an "accumulation within the meaning or prohibition of the statute," but a mere disposition of the surplus of a growing fund after providing thereout for the proper education and support of the minor, or in other words, the life estate is given in trust to the executors for the benefit of the minor with directions to apply so much of its income during her minority as they shall deem necessary for her support, maintenance and education, and on her attaining her majority to add any surplus of income to the principal of the fund as a part of the life estate, out of which the further income is to be paid during life. The fact that such an arrangement may result in some greater or less benefit to the persons who will be entitled to the principal after the death of the first beneficiary, ought not to defeat it under our statutes prohibiting unlawful accumulations. Those statutes are aimed against schemes purposely adopted to create "accumulations" that shall extend beyond forbidden periods, or are made for forbidden purposes, and were not intended to apply to cases where accumulations are not a primary object of the scheme, but are at most a mere possible accidental result. The object of the codicil in this case was only to direct and secure reasonable prudence in the use of a fund wholly devoted to the care, education and maintenance of the infant, and to provide for the contingency of the fund being larger than such requirements. To bring such a provision under the category of unlawful accumulations of estates is straining the statute beyond the intent of the legislature.

We have not overlooked the cases cited by the plaintiff's counsel, which hold more or less directly that the accumulation, to be lawful, must be " for the sole benefit of the minor," but we think they were not intended to apply to such a case as the one before us.

Here was no intent to effect an illegal postponement of the distribution of an estate, or to withhold such a distribution for the purpose of enlarging it by accumulations, as seems to have been

the case in the leading authority of *Hawley* v. *James* (5 Paige, 318; Id., 16 Wend., 61), which has been followed in *Manice* v. *Manice* (43 N. Y., 303); *Boynton* v. *Hoyt* (1 Denio, 53); *Harris* v. *Clark* (3 Seld., 242), and other cases; for in this case there is no real attempt to "accumulate," but simply to effect a disposition of contingent surpluses, which may or may not arise during the infancy of a minor, by adding them to the body of her life estate if not exhausted by her support and education before attaining her majority.

We do not therefore, concur with the views of the court below, but are of opinion that the judgment should be modified, so far as to declare that the provisions of both the will and codicil are valid; and that the surplus of the income of the estate not exhausted by the suitable support, education and maintenance of the plaintiff during her minority, will fall, under the provisions of the codicil, into the body of the life estate given to her. It should also be said that the executors are not entitled, in providing for the support of the plaintiff, to take into consideration her income from other sources; but she is entitled to be supported, educated and maintained, according to her rank in life, out of the income of the life estates given her by the testator in this case.

We think the disposition made by the court below of the question of costs was correct, and should be affirmed, and that the costs of both parties of these appeals should also be paid out of the fund.

Dwight, J., concurred.

Brady, J.:

The plaintiff is an infant about nine years old, and is the great granddaughter and a devisee under the will of the late Burr Wakeman. The defendant Louise W. Knox is also a granddaughter of Burr Wakeman, and a devisee under his will, and an executrix of and trustee under the will, and was of full age at the time of the death of the testator. The defendant Robert W. De Forest is an executor of and trustee under the will. The parties to this action constitute all the persons now interested in any way under the will, and the plaintiff and the defendant Louise W. Knox are the only heirs and next of kin of the testator. Louise W.

Knox has no children. The guardian *ad litem* is the father and general guardian of the plaintiff, and this action was brought to obtain a construction of the will and codicils of Burr Wakeman, so far as they affect the rights and interests of the plaintiff.

The question presented arises upon a provision in the second codicil of the testator, in connection with the will. By the will the testator devised and bequeathed to the defendants, as trustees, one-third of all his residuary estate, in trust, to receive and apply the income to the use of the plaintiff for life, and directed that upon her death the principal of said part, one-third, should go to her child or children, or in default of children, to the defendants, for the use of the defendant Louise W. Knox, if then surviving, or to her issue if she be then dead, or, as the learned justice presiding in the court below states it, he directed his trustees to set apart one-third of such income of the rest, residue and remainder of his estate for the use of his great granddaughter Jeanie De Forest Knox Barbour, and they were directed to apply such equal third part of the income to the use of such great granddaughter during her life, and upon her death, the principal, out of which such one-third part of the income of his estate arose, was given to her child or children surviving her; and in case of her death without issue her surviving, there was a gift over of the principal of the trust estate to others.

By a codicil to his will, thereafter made and executed, the testator directed "that so much of the income of that share of his residuary estate set apart for his great granddaughter Jeanie De Forest Knox Barbour, as should not be needed in the judgment of his executors for her support, should be retained and invested by them during her minority, and any accumulations of interest should be treated and dealt with as part and parcel of the principal of such share."

The learned justice, in constructing these provisions of the will and codicil, declared that so much of the clause of the codicil as ordered an accumulation, was during the minority of the infant valid; but that portion thereof which directed that "any accumulation of income shall be treated and dealt with as part and parcel of the principal of such share" was invalid, and therefore null and void, and he determined and adjudged that it was the duty of the

trustees to accumulate, but that the accumulation to be made should be for the benefit of the plaintiff during her minority, and should at all times belong to her, and should be paid to her when she became twenty-one years of age.

The defendant appeals from the entire judgment, and the plaintiff from so much of it as adjudges that that portion of the codicil directing an accumulation is valid, *i. e.*, during the minority of the infant, and as authorizes the defendants to retain and invest any part of the income during such minority.

The construction adopted by the learned justice in the court below is regarded as erroneous. It is not sustained by the case of *Meserole* v. *Meserole* (3 T. & C., 192), nor by that of *Moore* v. *Hegeman* (72 N. Y., 376). In the former case the residue of the income of the share of each grandchild was to be accumulated during the period of the minority of the grandchild, from whose fourteenth the same should be derived, and as each should attain his or her majority, then from that period the entire rents, profits and income of his or her fourteenth, and of the accumulations added thereto under the preceding direction, were to be paid over to each respectively for his or her support and maintenance during the residue of his or her respective life. The accumulation therefore was expressly and only for the infant to whom the share was given. Such is not the case here, as we have seen, and as conceded by the learned justice in the court below, because, upon the death of the minor, the share, with its accumulations, may go to an adult, and she therefore derives the benefit of them in the case of the failure of issue of the plaintiff.

In the case of *Moore* v. *Hegeman* (*supra*), although the will contained a provision similar to the case in hand as to accumulations, the question of its validity was not considered, nor was there any mention of or reference made to it anywhere either in the briefs or in the opinion of the court. It is true that the court held that the entire disposition of the estate was valid, but the language which involved the accumulation clause of the will directed that certain sums should be applied to the education and support of the children during the period named, and after that period provided that the whole of the income should be paid over to them. It was insisted that the trust was not within the provision of the statute, and that

the provision to pay was valid only when used as an equivalent to "apply," and when used in any other sense was void; and that as these words were used in opposition to each other the trust could not be upheld. Judge MILLER, in delivering the opinion of the court, said:

"I am unable to discover that there is any want of harmony or any antagonism in the words referred to. They are substantially equivalent to each other, and whether the sums mentioned are 'applied' or paid over 'for the benefit of' the children can make but little difference as the object is the same — the benefit of the children. They are to receive the avails and to reap all advantages from the income under all circumstances."

The question therefore, as already suggested, was not considered. In the cases of *Manice* v. *Manice* (43 N. Y., 303–381); *Hawley* v. *James* (5 Paige, 318, 481); *Hawley* v. *James* (16 Wend., 61, 210); *Harris* v. *Clark* (3 Seld., 242, 258), it has been determined that accumulations which are not for the benefit of minors exclusively are obnoxious under the statute in relation to the accumulation of the rents and profits of real estate. (1 R. S., 726, §§ 37, 38.) See, also, reviser's notes (3 R. S, [2d ed.], 578) in which the revisers say:

" The English statutes for restraining trusts and directions for the accumulation of profits, to which we have before referred," * * * " prohibit accumulation for any longer time than " * * *

3. "During the minority of any person or persons who, under the deed or will directing the accumulation, would, if then of full age, be entitled to such rents and profits.

"It is to the period last indicated that the revisers propose to confine the power of accumulation, conceiving that this restriction furnishes the most effectual means of guarding against the abuses to which directions of this nature are admitted to be liable, and believing that it embraces the only case in which the purpose of the accumulation is such as ought to be sanctioned, namely, for the benefit of infants entitled to the next eventual estate."

Section 38, to which reference has been made, declares that all directions for the accumulation of the rents and profits of real estate, except such as are therein allowed, shall be void. It is the direction to accumulate which the statute prohibits unless made in conformity to its mandates; and it is from the judgment of the

learned justice in apparent antagonism to this provision of the statute that the plaintiff appeals, and which determines that the direction for the accumulation is valid *pro tempore, i. e.,* during the minority of the infant, although it is conceded by him that it is not a direction to accumulate for the benefit of the minor exclusively. It is conceded by the judgment which declares the direction to be void to the effect that any accumulation of income shall be treated and dealt with as part and parcel of the principle of such share. And this view was adopted and enforced by the learned justice in the court below, upon the proposition that the invalid portion of the direction to accumulate might be dropped without disturbing the residue of the trust, or the remaining testamentary directions, in that regard. He said:

" The codicil modifies the original provisions of the will, which directed the whole income of the one-third part of the residuary estate to be applied to the use of the testator's great granddaughter during her life by directing that so much thereof as shall not, in the judgment of the executors, be needed for her support should be retained and invested by them during her minority."

" The codicil to that extent has no invalidity ; the statute is violated by the subsequent disposition of these investments of income which are allowed to accumulate."

" Under the will itself any surplus of income over and above what was needed from time to time for the support of the infant would, without doubt and that lawfully, have been held and allowed to accumulate for the infant during her minority, although no express directions as to such accumulations are given, and by dropping the words " and any accumulation of income shall be treated and dealt with as part and parcel of the principal of such shares," which is the only direction which is invalid, the will itself is left intact and provision is made for accumulation of surplus income for the benefit of the plaintiff during her minority, and in the event of her death before attaining her majority the accumulations of income would go to her next of kin, but should she reach her majority the accumulations would belong to her and not to those entitled to the next eventual estate."

" This is not making, as is suggested by the learned counsel for

the plaintiff, a new will for the testator. It is, in fact, in entire harmony with the will as first made."

" It eliminates from the codicil what is conceded to be illegal, and leaves so much thereof as does not conflict with the original gift of the income, but rather supplements it, and suggests what would doubtless have been done by the trustees with the surplus income during the minority of the plaintiff."

" It still remains, however, with the trustees, according to their judgment, to determine how much of the income shall be applied for the purpose of the support of the infant, and the residue shall be invested and held by them."

" This was clearly the intention of the testator, but they are to hold for the use and benefit of the plaintiff during her minority."

This view is erroneous because the clause in question does not create two independent trusts capable of being separated, or of being separately exercised, where one may be saved and the other declared to be illegal. The clause in reference to the accumulation is, as we have seen, contained in the codicil and relates exclusively to the share of the plaintiff. Although, of course, connected with the will, it stands by itself as a separate and independent disposition of his property in the respect mentioned. It is an attempt to engraft upon a disposition of a part of his estate by the will, a direction which in itself is obnoxious, because it is in conflict with the statute by which it is expressly prohibited. As said by the counsel for the plaintiff:

" There is no such thing as an independent trust to accumulate separate and apart from the object of the accumulation. The statute forbids it. The only trust to accumulate permitted is where a specific object is sought, and then the object characterizes and legalizes the trust. Take away the direction to pay over the result and all that is left is a naked trust to accumulate for no purpose and for no one's benefit, a trust void under both statutes; it is neither a permitted express trust nor a permitted direction to accumulate."

" What authority has a court to legalize a trust for accumulation by changing the destination of the fund by taking the ultimate ownership of the fund from one person and giving it to another."

" The statute admits of no such perversion. It says plainly that if the accumulation be directed for any other object than that specified there shall be no accumulation at all."

The judgment appealed from, should therefore be affirmed, except that portion of it appealed from by the plaintiff, which should be modified so as to adjudge the direction to accumulate to be void.

We think that the learned justice in the court below in charging the costs and allowances named upon the entire fund was quite justified, because it is very clear that the codicil in question is one which, in the event of certain contingencies, would affect the entire estate.

Judgment modified as directed in the opinion of Davis, P. J., and affirmed as modified, with costs of appeal of both parties to be paid out of the fund.