ELIZABETH MOUNT, Plaintiff, v. RICHARD H. MOUNT, FRANCES DEG. MOUNT, Sued Herein as JANE MOUNT, and RICHARD F. MOUNT, Sued Herein as JOHN MOUNT, Impleaded with Others, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Wills — construction of — trusts — tenants in common — devise — residuary estates — partition — accounting — suspension of power of alienation.

It has become a rule of property, that an entire residuary estate may be held in trust for the use of one beneficiary for life, and on his or her death it may then be divided into

shares, each of which may be held in trust for a second separate life or part thereof.

Where the interests of the beneficiaries in a trust fund are separate and distinct, the beneficiaries take as tenants in common, and the power of alienation of each share or sub-share is only suspended the number of lives during which the share or sub-share is limited.

Although trust property may be held by the trustee for convenience of investment in one undivided fund, if the beneficiaries' interests are separated into distinct shares, and held by them as tenants in common, each share is to be deemed a separate entity, and is entitled to its separate term for two lives.

Testatrix devised the net rents of certain real estate in trust for the benefit of a grandniece who died intestate, for her life with remainder to her issue; if none, then to become a part of her residuary estate, which, consisting of both real and personal property, was given to the executors in trust to collect and receive the rents, interest and income of the real and personal estate and pay the same to the sister of testatrix during her life time, with direction, immediately after her death, to divide the residuary estate into as many equal shares as would make one for each of the children then living of the nephew of testatrix, and one for the lawful issue collectively of each of said children, if any, who may then have died leaving issue, and to set apart one of such shares to each child then living and one to such issue collectively of each deceased child, which shares were to be designated as the property of such parties respectively, and the executors were directed to keep separate accounts of such respective shares. The executors, as such trustees, were directed to pay over to the children of said nephew, if then of the age of twenty-five years, otherwise on their reaching that age, the net income of the shares so set apart to them respectively during their respective lives and after their deaths the trustees were directed to distribute and pay over such shares to the issue of such children respectively in equal portions *per stirpes*. The executors and trustees were also directed to pay over to and distribute among the issue of any deceased child or children of said nephew, who shall at the death of the sister of testatrix be twenty-five years of age, otherwise as soon as they respectively attain that

age, their respective portions of the share so set apart to such issue collectively. In an action for the construction of the will in which there was nothing to prevent the life beneficiary of income, who was also an heir of the testatrix, from taking a distributive share of the income and corpus of the real estate specifically devised to the grandniece, as to which testatrix died intestate, *held,* that upon the death of the grandniece the separate trust in the rents of the real estate specifically devised for her benefit, fell into and became a part of the residuary estate, but as this operated to suspend the power of alienation of said real estate for two further lives, the gift over was void and said real estate vested in the heirs of testatrix as of the time of her death.

If the rents collected and received by the trustees after the death of the grandniece were not divided among all the testatrix's heirs as such, they should be accounted for before the referee in partition, unless for good and sufficient legal reasons the heirs are barred.

Any income accumulated for any beneficiary after attainment of his or her majority, should be accounted for before said referee unless for good and sufficient legal reasons such an accounting is barred.

ACTION for the construction of a will.

Hamilton & Freeman, for plaintiff.

Charles J. Leslie, guardian *ad litem,* for Richard F. Mount and another.

Frank L. Crocker, for Wilber H. Kirkham.

Cadwalader, Wickersham & Taft, for St. Mary's Free Hospital.

D. B. Simpson, for E. G. Hotchkiss, as executor, etc.

Bauerdorf & Taylor, for Alice Desvernine and others.

GUY, J. This is an action for the construction of the will of Charlotte A. Mount, who died March 27,

1904, leaving real estate appraised at $646,300 and personalty appraised at $187,781.63; also for a partition and an accounting. Decedent was unmarried. Her heirs at law and next of kin were a sister, three nieces, a nephew; also one grandniece, one grandnephew and one great-grandnephew. Decedent bequeathed legacies aggregating about $29,425 and devised land outside of the city appraised at $15,400. By the 7th clause of her will she devised the net rents of No. 239 West Fourteenth street in trust for the benefit of her grandniece, Charlotte M. Rowley (late Mrs. Maccaffil), for life, with remainder to the life tenant's issue; if none, then to become a part of her residuary estate. Mrs. Maccaffil died without issue. The 9th clause of the will provided: " *Ninth.* I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, of what nature or kind soever, and wheresoever situated, to my executors, who shall qualify as such under the thirteenth clause of this my will, as trustees, upon the following trusts: To lease and manage the real estate, to invest and reinvest the personal estate, to collect and receive the rents, interest and income of such real and personal estate, and to pay over to my sister, Susan, the entire net amount of such rents, interest and income during the term of her natural life. Immediately after the death of my said sister my said executors or the survivor of them, as such trustees, shall divide the said residuary estate (real and personal) into as many shares of equal value as will make one for each of the children then living of my nephew, Richard H. Mount, and one for the lawful issue collectively of each of the children of my said nephew (if any) who may then have died leaving such issue, and shall set apart one of such shares to each child then living, and one to such issue collectively of each deceased child, which

Supreme Court, July, 1919.        [Vol. 108.

shares shall be designated as the property of such
parties respectively, and my executors shall keep sepa-
rate    accounts of such respective shares.  My said
executors, as such trustees, shall pay over to the chil-
dren of my said nephew, if then of the age of twenty-
five years, otherwise on their arriving at that age, the
net income of the shares so set apart to them respec-
tively during the period of their respective lives, and
after their deaths respectively they shall distribute
and pay over such shares to the issue of such children
respectively in equal portions *per stirpes*.  My said
executors and trustees shall pay over to and dis-
tribute among the issue of any deceased child or chil-
dren of my said nephew who shall at the death of my
said sister, Susan, be of the age of twenty-five years,
otherwise as soon as they respectively attain that age,
their respective portions of the share so set apart to
such issue collectively.''  The equitable life tenant of
the income, Susan A. Mount, died on May 21, 1917.
In 1906 the Court of Appeals, through Chief Judge
Cullen, wrote its unanimous opinion relating to the
construction of this will.  This opinion, while not *res
adjudicata,* is so clear and explicit a construction of
the written instrument (*Wronkow* v. *Oakley,* 133 N. Y.
511; *Matter of Baer,* 147 id. 355) that this court
believes the Court of Appeals will follow it. Its
material part is as follows (*Matter of Mount,* 185
N. Y. 168–170): '' We are now brought to a considera-
tion of the existing circumstances in the present case,
and to some extent to the construction and validity
of the will (although in these latter respects our
determination cannot be conclusive on the parties),
in order that we may determine whether the discre-
tion of the courts below was justifiably exercised, in
withholding a determination of the questions the
appellants sought to have adjudicated.  The testator's

sister is now seventy-six years old. The testator's nephew, Richard H. Mount, is over fifty years old. He had at the execution of the will two children, who still survive, Edward, now aged thirty, and Harold, aged twenty-five. His wife, the mother of these two children, is still living. The elder son is married, and pending this appeal has had a child born. The younger is unmarried. Bearing in mind the age of his wife and that of the children, the strong probability is that Richard Mount will have no other children by his present wife. She may die, he may marry again and have children. But for such an event to have any bearing on the present controversy the child must be born before the present equitable life tenant, a lady seventy-six years old, dies. Therefore the chances are decidedly against such an occurrence. If it does not happen, and the two sons of the nephew now living survive their grandaunt, there will be only a single question to determine: that is, whether the direction in the will to divide the corpus into shares for all the children of the testatrix's nephew, which would include children who might be born after her death, renders the provision, so far as it applies to children living at her death, illegal and void. If this provision is valid as to those children, no other question can arise under the will, because the remainders given on the death of those children are clearly good. We are inclined to the view that this question is a comparatively simple one. It is true that in determining the validity of a trust and whether testamentary dispositions contravene the statute forbidding the suspension of the absolute ownership of personal property for more than two lives in being, we must consider not what has actually happened since the death of the testator, but what might have happened. ' It is not sufficient that the estate attempted to be

created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid, they must be so limited that in every possible contingency they will absolutely terminate at such period, or such estates will be held void.' *Schettler* v. *Smith,* 41 N. Y. 328. The trust for the testator's sister suspends absolute ownership for her life. If the trust was to continue *in solido* for the benefit of all the nephew's children who might survive their grandaunt, it would be void, not only because it might depend on lives not in being at the death of the testatrix, but also because its continuance might last over a greater number of lives than that prescribed by the statute. But on the death of the sister the corpus is to be divided into several shares according to the number of children the nephew may then have, including the issue of any deceased child. The trust as to each share terminates with the life of the beneficiary. Therefore, as to the share of a child of the testatrix's nephew living at her death the suspension is for two lives authorized by statute, to wit, the testatrix's sister and the equitable life tenant of the particular share. It matters not that the whole corpus is not released at the termination of any two specified lives. An entire estate may be held in trust for one beneficiary for life, and on his death may then be divided into shares, each of which may be held in trust for a second separate life. *Moore* v. *Hegeman,* 72 N. Y. 376; *Wells* v. *Wells,* 88 id. 323; *Vanderpoel* v. *Loew,* 112 id. 167. It is not at all necessary that the testator create a single trust in a single piece of property. He may create separate trusts in undivided interests. The validity of each of said trusts is dependent solely on its terms, not on the

fate or validity of the others. If, therefore, the nephew should have children born after the testatrix's death and surviving her sister, their existence would serve to cut down the shares to be held in trust for the children living at the testatrix's decease. But we do not see how the invalidity of the testamentary disposition in favor of such after-born children can effect the legality of the trust in favor of the existing children. All the probabilities are that this question will be presented for determination on the death of the testatrix's sister, but in the view which we take of it the appellants, at least, have no just cause of complaint that the judgment below left it open. Other questions, such as in case of the death of Richard H. Mount before that of Susan Mount, leaving issue then surviving, the validity of the direction that their share shall be paid to such issue only as they respectively arrive at the age of twenty-five years may never arise. So also the provision for accumulation of income beyond the minority of the beneficiaries (a provision not quoted) may never become a practical question. A marked instance of the futility of hoping to decide in advance every question that may occur in the construction of a long and complicated will is shown by the fact that despite the elaborate discussion in the well-known case of *Manice* v. *Manice,* 43 N. Y. 303, over thirty-five years ago, we have but recently had before us another litigation arising out of the construction of the will that was then before the court." The Court of Appeals' view that an entire residuary estate may be held in trust for the use of one beneficiary for life, and on her death it may then be divided into shares, each of which may be held in trust for a second separate life or part thereof, has become a rule of property. Where the beneficiaries' interest in a trust fund is separate and distinct, they

take as tenants in common, and the power of aliena-
tion of each share or sub-share is only suspended the
number of lives during which the share or sub-share
be limited. *Schey* v. *Schey,* 194 N. Y. 368, 373–375;
*Vanderpoel* v. *Loew,* 112 id. 167, 177, 180–186; *Smith*
v. *Edwards,* 88 id. 92, 103; *Moore* v. *Hegeman,* 72 id.
376, 382–384; *Stevenson* v. *Lesley,* 70 id. 512, 515, 516.
Although the trust property may be held by the trus-
tee for convenience of investment in one undivided
fund or general mass, if the beneficiaries' interests
are separated as here into distinct shares, and held
by them as tenants in common, each share is looked
upon as a separate entity, and is entitled to its sep-
arate term for two lives. *Leach* v. *Godwin,* 198 N. Y.
35, 41; *Schermerhorn* v. *Cotting,* 131 id. 48, 61. Upon
the death of Mrs. Maccaffil, without lawful issue, the
separate trust for her life in the net rents of No. 239
West Fourteenth street was devised to fall into the
residuary trust. But as this operated to suspend the
power of alienation of No. 239 West Fourteenth street
for two further lives (making three lives in all) the
gift over is void, and the *corpus* of No. 239 West Four-
teenth street vested in decedent's heirs as of the time
of decedent's death. *Clark* v. *Cammann,* 160 N. Y.
316, 328, 329. If the rents of No. 239 West Fourteenth
street, after Mrs. Maccaffil's death, were not divided
among all decedent's heirs as such, they should be
accounted for before the referee to be appointed in
partition, unless the heirs are barred for good and
sufficient legal reasons. If any income was accumu-
lated for any beneficiaries' use after attainment of
majority, such income should be duly accounted for
before the referee in partition unless such accounting
is barred for good and sufficient legal reasons. There
is nothing in the will to prevent the life beneficiary of
income, who is also an heir of decedent, from taking

a distributive share of the income and *corpus* of No. 239 West Fourteenth street, as to which decedent had died intestate. *Doane* v. *Mercantile Trust Co.,* 160 N. Y. 495, 499, 500; *Matter of Tompkins,* 154 id. 634, 644. The property still held in trust cannot be partitioned until the death of either one or both of the children of Richard H. Mount, for whom it is held in trust in equal shares. Both of them are over twenty-five. There should be judgment for the partition of No. 239 West Fourteenth street; also for an accounting of the matters set forth in this opinion, except in so far as any of the issues hereinbefore set forth may have been disposed of by legal proceedings or act of parties. All questions of costs are reserved until the coming in of the referee's report.

Ordered accordingly.