PASSAIC COUNTY CIRCUIT COURT.

TIFFANY & COMPANY, a body corporate, plaintiff,

*v.*

MARYON ANDREWS d'ERLANGER, formerly known as Mrs. Peter Cooper Hewitt, defendant.

[Decided March 28th, 1923.]

Attachment—Foreign Executors—Delegation of Power of Attorney Sufficiently Broad to Sustain Attachment of Beneficiary's Rights in Hands of Attorney—Interest of Beneficiary Under Will Sufficient to Sustain Attachment—Subject-Matter Though Within "Debt or Legacy," is as a "Right and Credit Attachable."

On motion to set aside levies.

*Messrs. Wall, Haight, Carey & Hartpence,* for the plaintiff.

*Mr. George W. McCarter,* for the defendant.

The opinion of the court was delivered by

NEWMAN, J.

This is an attachment suit. By virtue of the original writ of attachment, the sheriff of Passaic county levied upon "all moneys that may be due to defendant in trust fund created by will of Mr. Peter Cooper Hewitt, in possession of Frederic Beggs, surrogate of Passaic county, as agent of Farmer's Loan and Trust Company," which was the executor of that will, and, by virtue of an alias writ, the same sheriff levied upon all moneys due and to grow due to defendant under an agreement between the defendant and said executor, by rea-

son of which agreement defendant became a creditor of said estate.

The defendant moves to set aside these levies, first, on the ground that the executor, as garnishee, was not within the State of New Jersey, and second, that the rights levied upon in both instances are exempt from attachment.

As to the first ground.

The facts are all agreed upon by written stipulation, and from that stipulation it appears that "both the writ of attachment and the alias writ herein were executed by the sheriff going to Frederic Beggs, surrogate of Passaic county, and, in his presence as agent or attorney in fact of the Farmer's Loan and Trust Company, as executor, &c., of Peter Cooper Hewitt, deceased, making the statutory declaration as set forth in the returns of said writs and schedules thereto annexed."

The agency of the surrogate had been conferred upon him by a written power of attorney, pursuant to the act of 1912 (*P. L. 1912 p. 551; Supp. Comp. Stat. p. 1159 § 57*), the trust company not being a "resident" of New Jersey, and the copy of the power of attorney incorporated in the stipulation shows that the executor

"has made, constituted and appointed, and by these presents does make, constitute and appoint Frederic Beggs, surrogate of the county of Passaic, State of New Jersey, and his successors in office, while he or they are in office, as its true and lawful attorney for it and in its name, place and stead upon whom all original process in any action at law or in equity against the estate of Peter Cooper Hewitt may be served, and hereby agrees that any original process against the estate of Peter Cooper Hewitt served upon the persons aforesaid, shall be of the same force and effect as if duly served upon it as such executor, pursuant to the statute in such case made and provided."

. Defendant contends that the powers thus conferred upon the surrogate are not sufficiently broad, so that a levy upon rights of the defendant under said will or upon a debt due her from the estate can be legally made, by making the . statutory declaration of attachment and levy in his presence, as the representative of the executor.

I am of the opinion that the levies should not be set aside on that ground.

There is no doubt that but for the lien of the attachment the defendant could bring suit against the executor in the courts of this state to enforce collection of the moneys so due her, and the original process in such suits could, by virtue of this power of attorney, be served upon the executor by service upon said surrogate. The rights attached are collectible within this state.

"The credit is attachable when it has followed the person garnished [who is the debtor to the absent defendant] and has thus come within the jurisdiction; when it is collectible within the jurisdiction." *Waples Attach.* 249; *National Fire Insurance Co.* v. *Chambers, 53 N. J. Eq. 468, 479.*

In *National Fire Insurance Co.* v. *Chambers, Ibid.,* the insurance company was incorporated under the laws of Connecticut, but had been authorized to do business in Pennsylvania and had appointed an agent upon whom process could be served in that state in suits brought against it there.

It had insured Chambers, a resident of New Jersey, against loss by fire covering a building in New Jersey, which building was thereafter damaged by fire and the insurance company therefor became indebted to Chambers.

A creditor of Chambers took out an attachment against him in the court of common pleas of Philadelphia, and levied on the sum thus due Chambers from the insurance company, and the statutory notice of the attachment and levy was thereupon given to its agent in Pennsylvania.

This attachment, levy and judgment thereon were attacked in the court of chancery of this state by an assignee of Chambers, in a bill of interpleader, but the late Vice-Chancellor Pitney sustained them as valid, and, in his usual forceful and logical manner, proceeded to give his reasons therefor at some length. These reasons appeal to me as sound and conclusive.

He says (at *p. 478*) that Chambers had a right to come into Pennsylvania "and bring an action against complainant [the insurance company] in the Pennsylvania courts upon his policy, not as an artificial person casually and temporarily present in the state, but as being provisionally domiciled there for the purpose of being sued. * * * If, then, the courts of Pennsylvania were open * * * to Mr. Chambers to sue the complainant on his policy in the State of Pennsylvania, why was not the right so to do attachable?" * * * He then proceeds (at *p. 479*) to quote from *Waples Attach. (Ibid.)* and adds:

"If, then, Mr. Chambers could have brought suit against complainant in the Philadelphia courts on his claim and recovered judgment against it, binding in all jurisdictions, I see no reason why such right of action could not be attached in the Pennsylvania courts."

Applying this reasoning to the case at bar, it appearing that the defendant could have brought suit against the executor in the courts of this state, there is no reason why such right of action could not be attached in the courts of this state.

As to the second ground.

Defendant claims that even though the declaration and levy be sufficient, the interest of defendant under the will is not subject to attachment.

The will of Peter Cooper Hewitt, deceased, gives to the Farmer's Loan and Trust Company, the executor, certain property, in trust, directs its investment and reinvestment, and then directs the executor "to apply to the use of my said wife, Maryon J. Hewitt" (the defendant herein), a specified portion of the income.

An income from a fund held by trustees under the provisions of a will, which income is directed to be paid to a debtor absolutely, is attachable. *Baumann* v. *Ballantine, 76 N. J. Law 91.*

It is contended by defendant that the income to be received by her under this provision of the will is not attachable, be-

cause the income is not thus directed to be paid to her but is directed to be applied to her use by the executor.

Whether income "shall be applied" or "be paid over" does not seem to me to make any material difference. The terms are substantially equivalent to each other. *Moore* v. *Hege-man, 72 N. Y. 376, 384*. To "apply" is equivalent to "pay." *Williamson* v. *Snook, 10 N. J. Law 65, 67*.

The income from this source is therefore subject to attachment.

As to the third ground.

Defendant contends that any moneys due her as a creditor of the estate by virtue of the agreement between her and the executor are not attachable because the subject-matter attached is neither a debt nor a legacy.

The Attachment act, however, gives the sheriff a right to attach, among other things, the "rights and credits" of defendant. It is true that certain contingencies may arise under which she may not get any money under the agreement, or its payment may be postponed, but it is nevertheless a "right" of defendant.

The money eventually due the payee of a note is attachable, although not yet due and payable. *Briant* v. *Reed, 14 N. J. Eq. 271*.

The rule to show cause will therefore be discharged.