In the Matter of the Estate of WILLIAM W. NILES, Deceased.

Surrogate's Court, Bronx County, September 16, 1937.

*Niles & Johnson* [*Henry B. Johnson* of counsel], for Florence B. Niles and others, as executors and trustees, etc., petitioners.

*James J. O'Connell*, special guardian.

HENDERSON, S.    A construction is requested of that part of the second codicil which provides for the disposition of the residuum of the estate.    The following is the quoted language of the codicil:

"All the rest, residue and remainder of my estate, both real and personal and wherever situate, I give, devise and bequeath to my Executors as Trustees to collect the rents, issues and profits thereof and to pay over the same to my beloved wife, except as herein provided, for life.    If however she should remarry and if for that, or any other reason, the children or my two daughters should cease to reside with her after they reach the age of twenty one years, then I direct that the income be divided into halves and the income from one half to be paid to my said wife and the income from the other half divided equally among my children.    If one or more of my children return thereafter to their mother they shall from their share of the income make her a reasonable allowance for their maintenance and if the condition of the health of my son is such as to make it inadvisable that his share of the income should be paid over to him, then the same shall be paid over to my wife to be expended by her on his behalf in her absolute discretion.

" Upon the death of my wife I direct that my estate shall be divided into three equal parts and the income from one of these parts shall be paid to each of my children for life.

" If the health of my son should not justify or require the payment of his entire share of the income for his maintenance and support then any surplus over the amount reasonably necessary for his support shall be divided equally among my daughters or their children or go entirely to the one surviving should the other die childless."

Up to that point there is no contravention of section 11 of the Personal Property Law or section 42 of the Real Property Law. It directs the payment of all income to the widow for life, and upon her death each of the three children succeed to her interest through the division of the corpus into three separate and distinct

parts — one for the life of each child. It is well settled that such a provision is valid. The rule is stated in *Matter of Mount* (185 N. Y. 162, 169): "An entire estate may be held in trust for one beneficiary for life, and on his death may then be divided into shares, each of which may be held in trust for a second separate life." (*Moore* v. *Hegeman*, 72 N. Y. 376; *Wells* v. *Wells*, 88 id. 323; *Vanderpoel* v. *Loew*, 112 id. 167.)

The next paragraph of the codicil reads: " On the death of each child his or her share shall go to his or her children, or if he or she shall die childless the income from his or her share of my estate shall be divided equally between my surviving children during their lifetime, the principal to be divided equally among their children upon their decease, except that should the health of my son and his adequate maintenance and support not require the payment to him or on his behalf of such income his share thereof shall go to my surviving child and except that if any of my children shall die childless but leaving a husband or wife her or him surviving he or she may by will bequeath a life estate in not more than one half of her or his share of my estate to such husband or wife her or him surviving."

The provision that " On the death of each child his or her share shall go to his or her children," which follows the first quoted paragraphs of the codicil, when read in connection therewith, is clearly valid. The limitation upon the death of any child without issue which immediately follows unlawfully suspends the power of alienation for more than two lives and is invalid. The latter portion of the paragraph, beginning with the words " and except " to the end, is invalid for the above reasons, and further, since none of the testator's children have been married, there is a possibility that one of the husbands or the wife may be persons who were not in being at the time of the testator's death.

The purpose of the testator to provide for his widow for her life and for his children by means of separate trusts for their lives is clear, and the desire of the testator in this respect may be effectuated. The rule as stated in *Kalish* v. *Kalish* (166 N. Y. 368, 375) is: " When it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be."

The valid portions of the codicil may be allowed to stand and the invalid parts excised. (*Matter of Ryan*, 271 N. Y. 204; *Matter of Trevor*, 239 id. 6; *Smith* v. *Chesebrough*, 176 id. 317; *Tiers* v. *Tiers*, 98 id. 568.) Such excision will in no way affect the general scheme of the will for the contingencies against which the testator sought to guard may never arise. It may well be that the entire estate

will be distributed in accordance with the lawful provisions of the will. The provisions of the codicil which have been found to be valid will be given effect. In the event that any child dies without living issue, there will be an intestacy as to such portion of the remainder.

The attorney executor's request for a fee of $6,000 is considerate of the family of his late partner. The amount is reasonable and will be allowed.

The position of the special guardian with respect to commissions on the real estate is correct.

Settle decree.