WAXSON REALTY CORPORATION, Plaintiff, *v.* SAMUEL ROTHSCHILD, Defendant.*

Supreme Court, Kings County, October 4, 1929.

*Bernard D. Barnett,* for the plaintiff.

*George B. Davenport,* for the defendant.

* Revd., 229 App. Div. 302.

CROPSEY, J.   Both sides agree that the executor or administrator of a deceased person has no power to carry out a contract to sell real property made by the latter and to give a deed thereunder, except as such power is conferred by statute.   One question here is whether section 227 of the Surrogate's Court Act gives such power without an order of authorization or confirmation.   The first statutory provision on the subject seems to have been enacted in 1908, when section 2801-a was added to the Code of Civil Procedure by chapter 502 of the Laws of that year.   Under that provision the execution and delivery of a deed by the executor or administrator " may be authorized   *   *   *   upon the conditions and in the manner hereinafter provided," which in a word required application to and approval by the surrogate.   No absolute power was given to the executor or administrator.   This section was amended in 1914 (Laws of 1914, chap. 443) by the enactment of section 2697 of the Code of Civil Procedure, which redrafted the former section.   The first sentence says that an executor or administrator " may make a deed   *   *   *   conveying the said lands."   The next sentence says he may apply to the court for authority to make such a deed or for its confirmation.   The last sentence reads: " A deed delivered pursuant to this section, upon its confirmation by such decree, shall be effectual to convey all the right, title and interest in the said lands which the decedent had at her death." But for the note of the revisers who prepared this amendment it might be passably clear that any such deed required the court's approval to be effectual, though the language used gives some basis for the opposite contention.   That note states in part: " There seems to be no good reason why the representative should not upon his own responsibility in a proper case execute a deed which will fulfill the contract of the deceased person as simply as he could discharge a mortgage."   This seems to mean that no order of the court should be necessary.   But if the revisers meant that, they failed to give expression to it in the enactment as prepared and adopted, and the court should not distort or construe language so as to give it the opposite meaning to that conveyed by its terms, notwithstanding such notation.   It must be held, therefore, that a court order is essential.   No authority has been submitted upon this point, and the only one found is Weed's Practical Real Estate Law, pages 255, 256, which accords with the foregoing.   Section 227 required the issuance of a citation " to all persons interested." That was not done here, and hence the proceeding was abortive. It follows that the title is not marketable, and that the plaintiff should have judgment for the return of the down payment and expenses, with costs.   Settle judgment on notice.