WAXSON REALTY CORPORATION, Respondent, v. SAMUEL ROTHSCHILD, Appellant.*

Second Department, April 21, 1930.

*George B. Davenport* [*Howard C. Tracy* with him on the brief], for the appellant.

*Leon J. Shapiro* [*Bernard D. Barnett* with him on the brief], for the respondent.

YOUNG, J. The action is to recover the amount paid by plaintiff's assignor upon a contract for the purchase of certain real property in the borough of Brooklyn. The defense is a general denial and a counterclaim for specific performance of the contract. The title was rejected as defective because of certain alleged outstanding interests in heirs and devisees of Elizabeth Chase Welch, a former owner of the property. On October 3, 1925, she made a contract for the sale thereof to one Jack Magrill, who thereafter assigned it to the defendant's grantor. After the making of the contracts, and before the delivery of a deed, she died, leaving a will dated September 10, 1920, which provided as follows:

" I leave everything both real & personal of which I may die possessed or anything which might come to me, were I living, to my sister, Margaret T. DeForest, to use for her natural life. Except my four large bronzes, Fairman's oil painting & the fine French cabinet, now at Share's in Boston. These are for my son, Proctor C. Welch. My United Shoe Machinery I leave to my son, Howard F. Welch. As my son, Proctor, is already provided for, I wish to make provision for my son Howard. In the event of my sister's death (having perfect confidence in the integrity of my son, Proctor & Mr. Jacob Goettel,) I leave everything to them in trust for my son Howard, expecting them to take my place & use their own discretion when & how much shall be given him until he is sixty-five years of age, when if thought best, the trust may end. In the event of Howard's death, everything shall pass to Proctor & when he dies it goes to Adelaide Welch or her heirs."

No executor having been named in the will, letters of adminis-

tration c. t. a. were issued to her son Proctor C. Welch on April 22, 1926. On July 12, 1926, he instituted a proceeding in the Surrogate's Court of Onondaga county to procure a decree directing the performance by him as such administrator of this contract. A citation was issued to Margaret T. DeForest, Adelaide Welch and Howard F. Welch, and on its return an order was entered, dated August 10, 1926, directing the administrator to carry out the contract according to its terms, and the administrator thereupon executed a deed, dated November 30, 1926, conveying the premises in question to the Well Made Realty Corporation, which conveyed the property to the defendant. On June 4, 1928, plaintiff's assignor contracted with the defendant to purchase the property and paid $1,000 on account of the purchase price. This contract was assigned to plaintiff on the same day. Plaintiff rejected the title as defective by reason of the failure, in the proceeding above referred to, to cite Jacob Goettel, a trustee named in the will, and the heirs of Adelaide Welch, who is still living.

The learned Special Term held in substance that the title was unmarketable by reason of this defect, and from the judgment entered thereupon the defendant has appealed.

This appeal involves the construction of section 227 of the Surrogate's Court Act, which provides as follows:

" Where a decedent dies seized of lands after he has made a contract for the conveyance thereof, his executor or administrator may make a deed reciting said contract and conveying the said lands. The executor or administrator or the vendee, his heirs or assigns, may file a petition praying for the confirmation of the act of the executor or administrator in delivering the deed, or for a decree that the same be made and delivered or the executor or administrator may pray for the like relief in a petition for the judicial settlement of his account. In either case, a citation shall issue to all persons interested, and the court shall make such decree as justice requires. A deed delivered pursuant to this section, upon its confirmation by such decree, shall be effectual to convey all the right, title and interest in the said lands which the decedent had at his death."

That section was derived from section 2697 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443), being a re-enactment of the latter section without change. Prior to 1914, the subject-matter of section 2697 (*supra*) was contained in section 2801-a of the Code of Civil Procedure (as added by Laws of 1908, chap. 502), but in the revision of the Surrogate's Court practice, made in 1914, the present language was adopted. In a note concerning section 2697 (*supra*), made by the revisers, it is said: " Where the deceased

person has made a contract to convey real estate such contract and the money received under it is defined to be personal estate (§ 2672 [Code Civ. Proc., now § 202 of the Surrogate's Court Act]) and, therefore, the heirs or devisees as such have no interest in the property except that they hold legal title. There seems to be no good reason why the representative should not upon his own responsibility in a proper case execute a deed which will fulfill the contract of the deceased person as simply as he could discharge a mortgage. He must assume the responsibility that the contract is good and enforceable and that he gets all of the money due under it. The heirs or devisees have nothing but the naked legal title and we have ample precedent in the cases of sheriffs, referees and receivers where the Legislature has delegated the power to public officers to execute a conveyance of real property. The former section was so technical and expensive in its operation that in many actual cases people entitled to the deeds could not obtain them even though all of the interested parties consented, on account of the fact that the heirs were often scattered or incompetent to execute a deed." (See N. Y. Sen. Doc. [1914], vol. 11, No. 23, p. 224.)

It is contended by the appellant, in substance, that it was the purpose of the Legislature to change the former rule of law requiring the approval of the surrogate of any deed made by an executor or administrator to carry out the decedent's contract, and to authorize the decedent's representative to make a conveyance of the property pursuant to the contract without such approval. It is argued that the first sentence of section 227 (*supra*) allows an executor or administrator to make such a deed reciting the contract and conveying the lands involved; that, in making such a conveyance, however, the representative takes the risk of the validity and enforcibility of the contract; and that, in order to guard himself against this risk, the statute then provides that he may either institute the proceeding authorized by the statute to obtain an order confirming the deed so executed, or, before the execution and delivery of the deed, he may institute a similar proceeding to authorize the conveyance.

Prior to 1908 there was no procedure provided by statute or at common law by which a contract made by a deceased person could be enforced except by an action. In that year, however, the Legislature, by chapter 502, enacted section 2801-a of the Code of Civil Procedure, which provided for a proceeding before the surrogate to authorize an executor or administrator to convey title to land of decedent under an executory contract made by him for its sale to the vendee named therein.

If a proceeding before the surrogate is essential to the validity of a deed made by an executor or administrator, under section 227 of the Surrogate's Court Act, there seems to be little difference between the two statutes. Section 2801-a requires an order of the surrogate to execute the deed, while section 227 (*supra*) permits the executor or administrator to make the conveyance without such order. But if the construction of section 227 (*supra*) given by the learned Special Term is correct, a deed so given has no validity until confirmed. Section 227 (*supra*) requires a citation to be issued to " all persons interested." Section 2801-a (*supra*) also requires a like citation to the " decedent's heirs, devisees and surviving husband or wife, if any, and * * * all persons claiming under them or either of them, so far as known." The same persons are, therefore, required to be cited by both statutes, that is, all persons interested.

The appellant contends that the first sentence of section 227 (*supra*) authorizes the execution and delivery by an executor or administrator of a deed which will be valid without the proceeding before the surrogate provided for by this section. That this was the evident purpose of the revisers is apparent from their note above quoted. Unfortunately, they seem to have defeated that purpose by the last sentence of that section, which is: " A deed delivered pursuant to this section, upon its confirmation by such decree, shall be effectual to convey all the right, title and interest in the said lands which the decedent had at his death." This means that a deed made without such confirmation would not be effectual to convey title. But, in my opinion, there is considerable doubt as to whether the construction contended for by the appellant would not render this statute unconstitutional. An executor or administrator, as such, has no title in the real property. While he is entitled to the proceeds arising from a contract to sell real property made by the decedent in his lifetime, the legal title remains in the heirs at law or devisees. I am unable to see how this title, even though a mere naked legal title, may be divested by a statute giving the executor or administrator power to convey the property without the consent of the heirs or devisees. They have a right to be heard upon the validity of the contract and its due performance by the vendee, and such right may not be cut off by a statute giving the representative power to convey the lands under the contract without notice to them, without their consent, and without any proceeding to which they are parties and in which they may be heard. I think, therefore, that any construction of this statute which would lead to that result should not be made if a different construction is possible which will support its validity.

Unless, therefore, the procedure taken under this statute to authorize the deed involved in this appeal was regular and in substantial conformity with its provision, the title of the decedent was not effectually conveyed and the defendant's title is unmarketable. The defect in the title claimed by respondent is the failure to cite Jacob Goettel, the trustee named in the will, and the heirs of Adelaide Welch or any one representing them. If this trustee and these heirs were " persons interested " in the property, this objection to the title is sound. It is contended by the appellant, however, that none of these persons was a necessary party; that the persons interested, mentioned in the statute, are those beneficially interested and do not include a trustee. The will names her son Proctor Welch and Jacob Goettel as trustees for her son Howard. Proctor was the administrator c. t. a. and, therefore, a party to the proceeding and bound by the order. Howard, the person beneficially interested, was also cited. As one of the trustees was the administrator who instituted the proceeding, and as the beneficiary was cited and made a party to the proceeding, I am of the opinion that the remaining trustee cannot hereafter successfully attack the title.

The question whether the heirs of Adelaide Welch had any interest in this property, and were, therefore, necessary parties to the proceeding, is more serious. We may consider, first, whether the words " or her heirs " are words of substitution or of limitation.

In *Steinway* v. *Steinway* (163 N. Y. 183) similar words were held to be words of limitation and not of substitution, but in *Matter of Evans* (234 N. Y. 42) they were construed, taking into consideration other provisions of the will, as words of substitution. If they are held to be words of limitation only, this remainder would have vested in Adelaide, and her heirs would have taken no interest and would not have been necessary parties.

But, assuming that they are words of substitution, then these heirs have a contingent remainder, dependent upon their survival of Adelaide. If, therefore, such remainder is valid, they would be necessary parties to the proceeding. (*Hess* v. *Hess*, 233 N. Y. 164.) But, in my opinion, this remainder is void, because the provisions of the will unlawfully suspend the absolute power of alienation for more than two lives in being. (See Real Prop. Law, § 42.) The will, in effect, devises this property to decedent's sister for life, and upon her death to her son Howard for life, and upon his death to her son Proctor, with remainder to Adelaide Welch or her heirs. It thus suspends the power of alienation for three lives, and is to that extent void. Nor can the void provision for Proctor's benefit be excised

and the vesting of the remainder accelerated, since this remainder is contingent both as to the time of vesting and the person or persons in whom it may vest. In other words, it cannot be determined until Proctor's death to whom this remainder will go. Therefore, the devise over after Proctor's death falls with the underlying void provision, and this remainder was not validly devised by the will and consequently vested in decedent's heirs at law, all of whom were cited in the proceeding in question. (*Matter of Silsby*, 229 N. Y. 396, and cases cited.)

The Statute against Perpetuities represents the public policy of the State, and is not such a statute as may be waived by interested parties on the theory that it was made for their benefit. (*Church* v. *Wilson*, 152 App. Div. 844, 852; affd., 209 N. Y. 553; *Carrier* v. *Carrier*, 226 id. 114.) No consent or acquiescence by the other devisees under the will, therefore, could validate this void remainder, but its invalidity constitutes a perfect defense to any attack upon defendant's title by the heirs of Adelaide Welch.

It follows, therefore, that whether the words " or her heirs " are construed as words of limitation or of substitution, the result, so far as this title is concerned, is the same. The heirs of Adelaide Welch were not persons interested in the property and were not necessary parties to the proceeding, and the failure to cite them does not render the title unmarketable.

The judgment should, therefore, be reversed and judgment directed for defendant upon his counterclaim, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

LAZANSKY, P. J., CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Judgment reversed upon the law, with costs, and judgment directed for defendant for the relief asked for in his counterclaim, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.