In the Matter of the Estate of GEORGE I. WILBER, Deceased.*

Surrogate's Court, Otsego County, August 6, 1931.

* Affd., 236 App. Div. 747.

*Alva Seybolt,* for the Wilber National Bank of Oneonta, N. Y., as executor and trustee.

*E. H. O'Connor,* for Edith Wilber Mix, John Mix, David Mix and Margaret Mix Parke.

*Becker & Jackson,* for the Wilber National Bank of Oneonta, N. Y., as executor of the estate of David Forrest Wilber, deceased.

*J. S. Waterman,* as special guardian, for David Forrest Wilber, Jr.

*Claude V. Smith,* for Esther R. Wilber.

*W. Irving Bolton* [*H. C. Stratton* of counsel], for the Methodist Episcopal Society of Oneonta, N. Y.

*Dennis J. Kilkenny,* as special guardian for Wilber Dean Parke and any unborn children of Margaret Mix Parke, of David Wilber Mix, of David Forrest Wilber, Jr., and any unborn children or grandchildren of Edith Wilber Mix.

CLOSE, S. It appears from the executor's account that the dividends on the stock constituting the corpus of the trusts created by paragraphs fifth, thirty-sixth and sixty-first of decedent's will, exceed thirty per cent per annum. The account discloses that the executor has in the past paid such dividends to the persons entitled to the income from the trusts created by the residuary clause (Par. sixty-second) of the will. This method of distribution has been questioned and this court is asked to determine to whom such dividends shall hereafter be paid. The parts of the will above mentioned read as follows:

" *Fifth.* I give and Bequeath to my Executor and Trustee, Its successor or Successors, One hundred twenty (120) shares of the Capital Stock of the Wilber National Bank of Oneonta, N. Y.,

to be held by it in Trust for the uses and purposes hereinafter specified, and not otherwise. The Dividends received therefrom are to be paid to the Treasurer of the Methodist Episcopal Society of Oneonta Village (the Church of the said Society being now located at the corner of Church and Chestnut Streets, Oneonta, N. Y.) But not exceeding thirty (30) per cent in any one year, for and during the lives of David W. Mix and David Forrest, Jr., my nephew, or the longest lived of them. The receipts of the Treasurer thereof shall be sufficient discharge to my Executor and Trustee for the same. After the death of David W. Mix and David Forrest Wilber, Jr. my nephew, the said stock shall revert to and become a part of my residuary estate; and any surplus dividends above 30% per cent per annum shall also revert to, and become a part of my residuary estate.

" It is my earnest wish and desire that a goodly portion of the dividends received by said Society shall be devoted to the Poor and Needy of the City of Oneonta, and the Towns of Milford and Oneonta, or any poor and worthy Church or Minister, or for any other good Church purposes, subject to the discretion of the Board of Trustees of said Methodist Episcopal Society."

" *Thirty-sixth.* I give and bequeath to Edith Wilber Mix and John G. Mix, her husband, the Dividends of and from One hundred and twenty (120) shares of the Capital Stock of the Wilber National Bank of Oneonta, N. Y., but not exceeding thirty (30) per cent per annum in any one year, for and during the life of Edith Wilber Mix, to be paid to her by my Executor and Trustee, its successor or successors. Any surplus dividends above thirty (30) per cent per annum shall revert to and become a part of my residuary estate. Upon the death of Edith Wilber Mix, I Give and Bequeath the said stock, together with any accumulated income, to the Child, or Children, of said Edith Wilber Mix, by her husband John C. Mix, and the Child, or Children, of any deceased child, or children, of Edith Wilber Mix, by her said husband John C. Mix, who may be living at the time of the death of said Edith Wilber Mix, share and share alike. Should no such Child, or Children survive her, then the said stock shall revert to and become a part of my residuary estate."

" *Sixty-first.* I Give and Bequeath to my Brother David F. Wilber or Esther R. Wilber, his wife, the Dividends of and from One hundred twenty (120) shares of the Capital Stock of the Wilber National Bank of Oneonta, N. Y., but not exceeding thirty (30) per cent per annum in any one year, for and during the life of said David F. Wilber or Esther R. Wilber, or the longest lived of them, to be paid to them by my Executor and Trustee, its successor

or successors. Any surplus dividends above thirty (30) per cent per annum shall revert to and become a part of my residuary estate. Upon the death of my said brother, and his wife Esther R. Wilber, I Give and Bequeath the said stock, together with any accumulated income, to the Child, or Children, of David F. Wilber by his wife Esther R. Wilber, and the Child, or Children, of any deceased Child, or Children, of David F. Wilber by his said wife Esther R. Wilber, who may be living at the time of the death of the survivor of David F. Wilber and his wife, Esther R. Wilber, share and share alike. Should no such Child, or Children survive them, then the said stock shall revert to, and become a part of, my residuary estate.

" *Sixty-second.* I Give, Devise and Bequeath to my Executor and Trustee, its Successor or Successors, All the Rest, Remainder and Residuum of my estate to be held by it in Trust for the uses and purposes hereinafter specified. The same shall be divided into two equal parts and the income of one of said parts shall be paid to my brother David F. Wilber or his wife Esther R. Wilber, during their lives, and the life of the survivor of them and the income of one of said parts shall be paid to my Niece Edith Wilber Mix, during her life, for the maintenance, support, care and comfort of themselves and their families respectively. The payments of said income shall be made at such time, or times, and in such amount or amounts, and in such manner as in the discretion of My said Executor and Trustee, its successor or successors may seem advisable. I hereby expressly direct that no part of said income shall be assignable, or shall in any way be applied toward the payment of any judgment which has heretofore or may hereafter be recovered or entered against my said Brother, or My said Niece. Upon the death of the survivor of David F. Wilber and his wife Esther R. Wilber, I Give, Devise and Bequeath the one-half of said residuum of which they have the income as herein provided, together with any accumulated income on said one-half of said residuum to the Child, or Children, of David F. Wilber by his wife Esther R. Wilber and the Child or Children of any deceased Child or Children of David F. Wilber by his said wife Esther R. Wilber who may be living at the time of the death of the survivor of David F. Wilber and his wife Esther R. Wilber, share and share alike. If upon the death of the survivor of David F. Wilber and his wife Esther R. Wilber there be no living descendants of David F. Wilber by his wife Esther R. Wilber, then the said one-half of said residuum, together with all accumulated income thereon is hereby given, Devised and Bequeathed absolutely to the Wilber National Bank of Oneonta, N. Y. Upon the death of Edith Wilber Mix, I Give,

Devise and Bequeath the one half of said residuum, of which she has the income as herein provided, together with any accumulated income on said one-half of said residuum to the Child, or Children, of said Edith Wilber Mix, by her husband, John C. Mix, and the Child, or Children, of any deceased Child, or Children of Edith Wilber Mix by her said husband John C. Mix, who may be living at the time of the death of said Edith Wilber Mix, share and share alike. If upon the death of Edith Wilber Mix, there be no living descendants of Edith Wilber Mix, by her said husband John C. Mix, then the said one-half of said residuum, together with all accumulated income thereon, is hereby Given, Devised and Bequeathed absolutely to the Wilber National Bank of Oneonta, N. Y."

The testator died on the 13th day of July, 1922. His will was probated August 25, 1922. He left him surviving a brother, David Forrest Wilber, his only heir at law and next of kin, who died August 14, 1928. All of the persons are living by whose lives the trusts above mentioned are measured, except the above-named brother.

In the three sections of the will first mentioned the testator directs that the dividends in excess of thirty per cent per annum should revert to and become a part of his residuary estate. The language he uses, especially when read in connection with the rest of his will, clearly indicates that he intended that such dividends should be added to and become a part of the corpus of the residuary estate, all of which is held in trust. To carry out his wishes in this respect would result in an accumulation of income which, under the circumstances, is manifestly illegal (Pers. Prop. Law, § 16).

The testator apparently realized that some of his gifts might not be valid and endeavored to provide for such a contingency by inserting paragraph sixty-third in his will, which reads as follows:

" *Sixty-third.* I hereby direct that unless otherwise herein provided, All Trust Funds and Legacies under this My Last Will and Testament which shall lapse or become void on account of death or otherwise, shall revert to and become a part of the Residuum of my estate."

This provision is of no avail when applied to the point under consideration, as under this clause the dividends in question would become a part of the residuary estate which is precisely the disposition made thereof by the provisions of the will before mentioned. No attempt is made by any other clause of the will to bequeath such dividends, consequently I am forced to the conclusion that these dividends are not validly disposed of by the will.

In order to determine who is entitled to receive the dividends

in excess of thirty per cent per annum from the stock forming the corpus of the trust established by the fifth paragraph, it seems proper to ascertain to whom the corpus thereof will eventually be paid. This trust is measured by two lives. Nevertheless, the testator directs that at its termination the corpus thereof shall become a part of the residuary estate, which is divided into two equal portions, both of which are held in trust with gifts over of the remainders. One residuary trust is measured by two lives and the other by one life. It is apparent that no part of the corpus of this particular trust can pass to either of the residuary trusts because the absolute ownership of personal property would thereby be suspended for a period longer than permitted by law (Pers. Prop. Law, § 11), neither can the residuary trust period as to this fund be carved out so as to accelerate the taking by the residuary remaindermen. None of the residuary remainders are vested. The identity of such remaindermen cannot be ascertained until the termination of the residuary trusts. The principle of acceleration only applies where remainders are vested. The gift over of the remainder after the expiration of the trust set up for the benefit of the church is invalid. This remainder passes to decedent's next of kin as intestate property. (*Phelps' Executor* v. *Pond*, 23 N. Y. 69; *Matter of Silsby*, 229 id. 396; *Matter of Durand*, 250 id. 45; *Waxson Realty Corp.* v. *Rothschild*, 229 App. Div. 302; *Mount* v. *Mount*, 108 Misc. 156; *Matter of Terwilligar*, 135 id. 170.)

The next of kin being thus entitled to the corpus of this trust fund, and the dividends in excess of thirty per cent per annum not being validly disposed of by the will, such dividends also belong to the decedent's next of kin and should be paid over accordingly during the life of the trust created for the benefit of the church.

The next of kin thus entitled to such corpus and income are to be determined as of the date of the testator's death. (*Matter of Wilcox*, 194 N. Y. 288; *Clark* v. *Cammann*, 160 id. 315.)

Next for consideration is the proper disposal of the surplus dividends arising from the trust erected by paragraphs thirty-sixth and sixty-first. I have already held that these dividends are not validly bequeathed.

The trust period under paragraph thirty-sixth is measured by the life of Edith Wilber Mix, who is now living. Upon her death the corpus of the trust is bequeathed to her child, or children, by her husband, John C. Mix, and the child, or children, of any deceased child or children of Edith Wilber Mix, by her husband, John C. Mix, who may be living at the time of her death. It appears that two children have been born to Mr. and Mrs. Mix, both of whom were born prior to testator's death and are now living. These

children are at present the persons presumptively entitled to the next eventual estate and, therefore, at present take such surplus dividends. However, what effect birth of other children or the death of any children would have on the distribution of such surplus dividends is expressly reserved for future determination for the reason that these propositions are now academic and may never arise. (*Cook* v. *Lowry*, 95 N. Y. 103; *Cochrane* v. *Schell*, 140 id. 516; *United States Trust Co.* v. *Soher*, 178 id. 442; *Kilpatrick* v. *Johnson*, 15 id. 322; *Matter of Kohler*, 231 id. 353; *Matter of Glass*, 126 Misc. 728.)

The same rule applies as to the surplus dividends arising from the trust provided for under paragraph sixty-first. Under this paragraph the dividends in excess of thirty per cent per annum should be paid to David Forrest Wilber, Jr., who was born prior to the death of the testator and is the only child born to David Forrest Wilber (now deceased) by his wife, Esther R. Wilber. If David Forrest Wilber, Jr., dies before the termination of the trust the question is expressly reserved as to what shall then be done with such excess dividends.

The validity of the primary trust for the benefit of the Methodist church, set up by paragraph fifth of the will, was also challenged. I am satisfied that the trust is valid, and so hold.

Let a decree be entered accordingly.