Memorandum. Final judgment in favor of petitioner against respondent, Gordon, affirmed without costs. Final judgment in favor of petitioner against respondents, Blumenthal, Bouck, Drossman, Elfing, Kenny and Schluter, reversed and petitions dismissed without costs.
Petitioner landlord instituted separate holdover proceedings against permanent residents of its hotel. These proceedings were consolidated for purposes of trial and appeal. During the pendency of this appeal, a number of the proceedings were discontinued by stipulation. Respondents rented their respective hotel units after July 1, 1971 and before July 1, 1974. All of the units were vacant on May 31, 1968 except for the unit now occupied by tenant Gordon, which unit was part of a suite that had been rented for $550 per month. The issue presented for determination on this consolidated appeal is whether these units were placed under the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4). Resolution of this issue depends on whether these units were ever covered under the Rent Stabilization Law of 1969 (Local Laws, 1969, No. 16 of City of New York).
Generally speaking, hotel accommodations were not covered under the "Rent Control” Law (Administrative Code of City of New York, § Y51-3.0, subd e, par 2, cl [c]. They were not included in the Rent Stabilization Law of 1969 as originally enacted (Administrative Code, § YY51-3.0, subd a, par [5]). On September 25, 1969, the Rent Stabilization Law was amended so as to apply to "dwelling units in all hotels” provided that the rent charged for the "individual dwelling unit” on May 31, 1968 was not more than $350 per month or $88 per week (Administrative Code, § YY51-3.1). This was the only test for determining the coverage of hotel units under the Rent Stabilization Law. Pursuant to said law, the hotel industry was empowered to enact its own code (Administrative Code, § YY51-6.1, subd a). The Metropolitan-Hotel Industry Stabilization Association, Inc. (M.H.I.S.A.) was formed and a code was enacted. Under section 2(f) of the Hotel Code, all dwelling *453 units in hotels occupied by permanent tenants are covered provided that the rent on May 31, 1968 did not exceed $350 per month or $88 per week. Insofar as applicable to this appeal, the Hotel Code, therefore, did not apply to dwelling units where the rent was in excess of $350 per month or $88 per week (Hotel Code, § 2 [g]). This is the only test set forth in the Hotel Code to determine which dwelling units are subject to its coverage.
In 1971, the Hotel Code was amended in part. In an "Explanatory Memorandum” accompanying the amendments, the Administrator of the Housing and Development Authority stated that: "Also, the amendments would eliminate reference to units which were vacant on May 31, 1968, since units vacant on such date are not covered by the act.”
The Emergency Tenant Protection Act of 1974 (ETPA) was enacted by the Legislature to repeal the "Vacancy Decontrol Law” and to correct a serious public emergency in the area of housing (L 1974, ch 576, § 2). Under this law, hotel rooms in the City of New York were recontrolled if they were "heretofore subject to the * * * New York city rent stabilization law of nineteen hundred sixty-nine [emphasis added]” (Emergency Tenant Protection Act, § 5, subd a, par [7]).
It is the contention of the tenants that since the units were controlled by the Rent Stabilization Law of 1969, they were recontrolled by the ETPA. It is the contention of the landlord that since the units were vacant on May 31, 1968, then, as set forth in the memorandum of the Administrator of the Housing and Development Administration, the units were not "covered” units under the Hotel Code, or under the Rent Stabilization Law of 1969.
There is no written support either in statute or in case law nor is any set forth by petitioner for the conclusion set forth by the Administrator. While the comments of the Administrator are persuasive as to legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 125, subd b), the statute may not be construed to give a meaning opposite to its terms, notwithstanding an Administrator’s note giving it such different construction (Waxson Realty Corp. v Rothschild, 135 Misc 124, revd 229 App Div 302, revd 255 NY 332). The plain meaning of the sections of the Rent Stabilization Law and the Hotel Code referring to covered hotel dwelling units is that the only test is as to the amount of rent paid for the units on May 31, 1968 (Administrative Code, § YY51-3.1; Hotel Code, *454 §§ 2 [f], 2 [g]). Moreover, it would appear that if the petitioner is claiming that the units are not covered by a statute, then it would have the burden of coming forth with evidence to establish that fact. In the present cases, other than in the Gordon case, petitioner does not contend that on May 31, 1968 any of the units in issue had a rental value of more than $350 per month or $88 per week. It is therefore the conclusion of this court that the premises in question (other than the Gordon unit) are subject to the Rent Stabilization Law of 1969, as reinstituted by the Emergency Tenant Protection Act of 1974. Since the premises in question (again, other than Gordon) are subject to rent stabilization, then the 30-day notices sent to the tenants were insufficient in that they did not comply with the provisions of section 53 of the Hotel Code in that they did not set forth the grounds for the termination of the respective tenancies. The proceedings must therefore be dismissed. .
With regard to the tenant Gordon, it appears that her dwelling unit was part of a suite of rooms. On May 31, 1968, that suite rented for $550 per month. Consequently, the suite was never covered by the Rent Stabilization Law of 1969 or by the Hotel Code, since its rent was more than $350 per month. This suite of rooms was apparently subsequently divided and individual rooms in the suite were rented to tenants. Ms. Gordon is one of the tenants in such a room. It is the conclusion of the court that in view of the failure of the Legislature to provide for the recontrol of rooms which were previously not controlled, the room occupied by Ms. Gordon is not subject to rent stabilization and is not a "covered” dwelling unit under the Hotel Code. Therefore, in her case, the final judgment in favor of the petitioner was proper.
Concur: Groat, P. J., Pino and Rinaldi, JJ.