MRS. BERT MESKILL, Respondent, v PARK SUMMIT REALTY CORP., Appellant.

First Department, December 30, 1982

APPEARANCES OF COUNSEL

*M. William Scherer* of counsel (*Carb, Luria, Glassner, Cook & Kufeld,* attorneys), for appellant.

*David J. Sweet* of counsel (*John J. Allen* with him on the brief; *Faust Rabbach & Sweet,* attorneys), for respondent.

*Robert H. Berman* of counsel (*Harry Michelson,* attorney), for New York City Rent Commissioner, *amicus curiae.*

*Jack P. Jefferies* and *John J. Murphy* of counsel (*Lord, Day & Lord,* attorneys), for the Hotel Association of New York City, Inc., *amicus curiae.*

OPINION OF THE COURT

LYNCH, J.

In this action for a judgment declaring that a hotel apartment leased to the plaintiff by the defendant is subject to regulation under the New York City Rent Stabilization Law (Administrative Code of City of New York,

§ YY51-1.0 *et seq.*), the defendant appeals Special Term's grant of summary judgment declaring in favor of the plaintiff and the denial of its cross motion for dismissal of the complaint. We find that summary judgment must be denied to the plaintiff, and declared in favor of defendant.

The pertinent facts are not in dispute. From 1949 to 1962, this apartment was under rent control. Prior to May 31, 1968 it was being rented for more than $350 a month. The plaintiff went into occupancy on May 1, 1972 and under the lease renewal in effect prior to May 1, 1979 was paying rent of $852 a month. The defendant offered to renew commencing May 1, 1979 at a monthly rental of $1,250, an increase well above any permitted by the Rent Stabilization Law. This action ensued.

The defendant asserts that the apartment is exempt from stabilization for the reason that section YY51-3.1 of the Rent Stabilization Law, added in 1969 to extend rent stabilization to hotels, is limited by its terms to hotel units that rented for less than $350 a month on May 31, 1968. The defendant asserts that this limitation is unaffected by the passage in 1974 of the Emergency Tenant Protection Act (L 1974, ch 576, § 4). The plaintiff, on the other hand, contends that her apartment should be rent stabilized by section 5 (subd a, par [7]) of the Emergency Tenant Protection Act, making subject to stabilization hotel units that once had been subject to rent control. Thus, the pivotal issue is the effect of this provision on section YY51-3.1 of the Rent Stabilization Law.

Special Term found that "[t]he issue posed would raise little difficulty were it not for the seemingly inconsistent rulings concerning the scope of [Rent Stabilization Law] regulation handed down by the First Department in Axelrod v. Starr, 52 AD 2d 232, aff'd 41 NY 2d 942 and Minton v. Domb, 63 AD 2d 36". It sought to resolve this perceived conflict by distinguishing *Minton* and concluded that, to the extent the two cases were irreconcilable, it was constrained to follow *Axelrod* because it had been affirmed by the Court of Appeals. In consequence it granted dominance to the Emergency Tenant Protection Act provision.

Special Term must be reversed in light of a Court of Appeals ruling which we find dispositive of the issue here,

a ruling which was subsequent to *Axelrod* and which further defined its holding. In *La Guardia v Cavanaugh* (53 NY2d 67), the landlord argued that his class B building was not subject to rent stabilization because subdivision a of section YY51-3.0 of the Rent Stabilization Law provided that only class A buildings were to be stabilized. The tenant argued that this provision was no longer applicable because subdivision b of section YY51-3.0 made rent stabilization applicable to "other housing accommodations" which the Emergency Tenant Protection Act made subject to the Rent Stabilization Law. The court rejected the tenant's argument because it would have nullified subdivision a of section YY51-3.0. The same may be said here. To interpret section 5 (subd a, par [7]) of the Emergency Tenant Protection Act as a superseder of section YY51-3.1 of the Rent Stabilization Law would render the latter a nullity, a step *La Guardia* constrains us to avoid when each part of a statute may be given meaning (see McKinney's Cons Laws of NY, Book 1, Statutes, § 231). *La Guardia* found *Minton v Domb* (*supra*) to be "closely analogous" (p 79) and noted that it "would be a mistake to assume that our decision in *Axelrod v Starr* * * * is to the contrary" (p 80).

*La Guardia* (*supra,* p 77) also recognized that the interpretation of these rent laws by the responsible agency should be a "persuasive indication". The New York City Department of Housing Preservation and Development, although not involved in this matter, has in a factually similar case found that the Emergency Tenant Protection Act did not affect the Rent Stabilization Law's exclusion from its terms of hotel apartments that rented in excess of $350 a month on May 31, 1968 (*Matter of Berman,* Dept of Housing Preservation & Dev, Office of Rent & Housing Maintenance, Rent Control Div, Order & Opn, Protest Docket No. CPTA 17618). Finally, we find it a "persuasive indication" of the continuing vitality of section YY51-3.1 that, when the city council passed Local Law, No. 20, of the City of New York on May 14, 1981, it continued its recognition of rent stabilization for only those hotel units that rented for less than $350 a month on May 31, 1968.

Order and judgment (one paper), Supreme Court, New York County (WALLACH, J.), entered April 22, 1981, grant-

ing the plaintiff's motion for summary judgment and declaring that the plaintiff's residential unit in the Mayflower Hotel is subject to the provisions of the Rent Stabilization Law, and denying the defendant's cross motion to dismiss the complaint, reversed on the law, without costs or disbursements, the plaintiff's motion denied and the defendant's cross motion granted to the extent of declaring that the above-described premises are not subject to the provisions of the Rent Stabilization Law.

KUPFERMAN, J. P., SULLIVAN, MARKEWICH and KASSAL, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on April 22, 1981, unanimously reversed on the law, without costs and without disbursements, the plaintiff's motion for summary judgment denied and the defendant's cross motion to dismiss the complaint granted to the extent of declaring that the plaintiff's residential unit is not subject to the provisions of the Rent Stabilization Law.