OPINION OF THE COURT
Harold Tompkins, J.
In this holdover proceeding petitioner seeks possession of respondent’s single-room dwelling unit for her own personal use. Petitioner proceeds under subdivision (b) of section 51 of the Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (hereinafter METHISA Code) which provides that the owner may “refuse to offer or renew a lease or to continue the tenancy of a permanent tenant” where “[t]he Owner seeks in good faith to recover possession of a dwelling unit for his own use and occupancy” (METHISA Code, § 51, subd [b]).
After trial, the court is satisfied that petitioner has made the requisite showing of good faith required by subdivision (b) of section 51 of the METHISA Code. Respondent’s unit is located on the same floor as petitioner’s own unit and the *953 parties share the single bathroom located on their floor. Petitioner seeks occupancy of respondent’s unit so that she can have sole occupancy of the floor on which the units are located.
The question then becomes whether there exists any statutory authority for an owner to recover a unit on this ground in light of the amendment of section YY51-6.0 (subd c, par [9]) of the Administrative Code of the City of New York (Rent Stabilization Law of 1969) by section 6 of chapter 555 of the Laws of 1982.
Petitioner contends that the premises are registered with METHISA and that the METHISA Code applies to the premises as a rooming house and not a “hotel” as defined in the METHISA Code and that any amendment to the Rent Stabilization Law is irrelevant to this proceeding since it is governed by the METHISA Code and not the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code).
Respondent on the other hand argues that since the building does not provide any hotel services as defined in the METHISA Code the premises are governed by the Rent Stabilization Code and not the METHISA Code and the amendment to the Rent Stabilization Law requires dismissal of this proceeding.
Respondent contends that by reason of the amendment of section YY51-6.0 (subd c, par [9]) and the enactment of a new paragraph (9) and (9-a) omitting the phrase “and on specified grounds set forth in the code approved by the housing and development administration consistent with the purpose of this law” the authority for subdivision B of section 54 of the Rent Stabilization Code was repealed. Without the use of subdivision B of section 54 of the Rent Stabilization Code, respondent asserts petitioner has no right to recover possession of his unit for her own use. (See Kamm v Drake, 117 Misc 2d 658.)
The court finds that petitioner has lost the right to obtain respondent’s unit as a result of the amendment to section YY51-6.0 (subd c, par [9]) of the Administrative Code by section 6 of chapter 555 of the Laws of 1982.
*954 Petitioner’s position has been that any change in the Rent Stabilization Law is irrelevant to this proceeding since she relies on subdivision (b) of section 51 of the METHISA Code. Petitioner further argues that the registration of the building with METHISA is somehow conclusive as to the controlling body of law. This later argument regarding registration is without merit. As was stated by the court in Herrmann v Adams Hotel Assoc. (NYLJ, June 9, 1982, p 11, cols 1, 3) “such a self-serving act [is] not * * * dispositive.”
The respondent demonstrated that petitioner’s building does not qualify as a “hotel” under the METHISA Code as amended July 15, 1982. For a building tó be classified as a “hotel” the building must commonly be regarded as a hotel and must customarily provide hotel services such as maid service, furnishings and laundering of linen, telephone and bellboy service, secretarial or desk service and use and upkeep of furniture and fixtures. (METHISA Code, § 3, subd [h].) The trial record demonstrates that none of these services were provided. However, the METHISA Code applies not only to these hotel premises but to “similar dwelling units which are subject to regulations pursuant to the ETPA [Emergency Tenant Protection Act of 1974] including units in hotels, single room occupancy facilities and rooming houses, or rooming units” pursuant to section 2 (subd [a], par [2]) of the METHISA Code provided one of three prerequisites have been met.[1] Petitioner contends that by reason of section 2 (subd [a], par [2]) the premises are governed by the METHISA Code but does not set forth upon what basis she qualifies for section 2 (subd [a], par [2]) coverage.
Respondent has not addressed this contention made by petitioner but simply argues that the lack of hotel services renders the METHISA Code inapplicable and requires the *955 court to apply the New York City Rent Stabilization Law and Rent Stabilization Code to this proceeding. If this case is governed by the Rent Stabilization Law and Code, respondent argues, this proceeding must be dismissed since the amendment to section YY51-6.0 (subd c, par [9]) of the Administrative Code repealed the authority for subdivision B of section 54 of the Rent Stabilization Code. Under the current section YY51-6.0 (subd c, par [9]) there is no authority for subdivision B of section 54 of the Rent Stabilization Code.
The court does not rule on the issue of whether petitioner’s building is governed by the METHISA Code as a rooming house under section 2 (subd [a], par [2]) of the METHISA Code. Petitioner has not made any showing with respect to the history of the building to enable the court to determine whether the building comes within section 2 (sübd [a], par [2]). However, by reason of the amendment to section YY51-6.0 (subd c, par [9]) of the Administrative Code not only has the authority for subdivision B of section 54 of the Rent Stabilization Code been repealed but subdivision (b) of section 51 of the METHISA Code is also without statutory support. The amendment requires dismissal of this proceeding.
The court reaches this conclusion based upon the fact that METHISA Code exists under the authority granted by section YY51-6.1 of the Administrative Code which provides for the establishment of a hotel industry stabilization association and a code. Subdivision c of section YY51-6.1 provides that any code “approved hereunder * * * [by] the housing and development administration * * * [be] in compliance with the standards set forth in subdivision c of section YY51-6.0 to the extent such standards are applicable to the hotel industry”.[2]
*956 Accordingly, the authority for the METHISA Code is derived from the Rent Stabilization Law in much the same manner as the Rent Stabilization Code and the repeal of the authority for subdivision B of section 54 of the Rent Stabilization Code also repealed the authority for subdivision (b) of section 51 of the METHISA Code. Whether governed by the Rent Stabilization Code or by the METHISA Code petitioner has no right to recover respondent’s unit for her own use.
Accordingly, the petition is dismissed.

. Section 2 (subd [a], par [2]) provides that the METHISA Code applies, in addition to “hotels”, to “similar dwelling units which are subject to regulations pursuant to the ETPA [Emergency Tenant Protection Act of 1974] including units in hotels, single room occupancy facilities and rooming houses, or rooming units, as those terms are defined by law, which were (a) subject to * * * this Code on June 31, 1971 and were thereafter exempted upon vacancy decontrol by Chapter 371 of the Laws of 1971, (b) were subject to the provisions of the City Kent Law on June 30,1971 and were thereafter exempted from vacancy decontrol by Chapter 371 of the Laws of 1971, or (c) are in buildings completed or substantially rehabilitated prior to January 1,1974, provided that the dwelling unit is located in a multiple dwelling containing six or more dwelling units.”

. In 1981, the Court of Appeals decided in La Guardia v Cavanaugh (53 NY2d 67) that class B multiple dwellings were not coveréd by the Rent Stabilization Law of 1969 (§ YY51-3.0, as amd by Emergency Tenant Protection Act of 1974 [L 1974, ch 576, § 7]). The Legislature immediately responded with an amendment to section YY51-3.0 (L 1981, ch 675) which explicitly extended the Rent Stabilization Law of 1969 to class B multiple dwellings which as defined in subdivision 9 of section 4 of the Multiple Dwelling Law include, inter alia, hotels and rooming houses. However, dwelling units in hotels “whether classified as * * * Class A or * * * Class B multiple dwelling[s] * * * [where] the rent charged for the individual dwelling units on May thirty-first, nineteen hundred sixty-eight was not more than three hundred fifty dollars per month or eighty- *956 eight dollars per week” remain excluded from the Rent Stabilization Law of 1969 pursuant to section YY51-3.1. This exclusion’s continuing vitality was recognized in the recent opinion in Meskill v Park Summit Realty Corp. (90 AD2d 410). (See, also, Towne Assoc. v Roach, NYLJ, June 24, 1982, p 10, col 6; Towers Hotel Investors Corp. v Davis, 85 Misc 2d 451, affd 54 AD2d 730, affd 42 NY2d 923.) This unit qualifies for Rent Stabilization Law coverage since it did not rent for over $350 on May 31, 1968. (Administrative Code of City of New York, § YY51-3.1.)